UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 1:18-CV-00800-LY |
| v. | § | |
| | § | |
| MARK WAID, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
REGARDING DEFENDANT'S MOTION TO DISMISS**

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, Defendant Mark Waid respectfully submits the following objections to part of the Magistrate Judge's Report and Recommendation ("R&R"), issued on June 10, 2019 (Dkt. 26). Defendant requests that the Court sustain Defendant's objections to the R&R as set forth below, and that his Motion to Dismiss (Dkt. 10) be granted in full.

## I.  INTRODUCTION

In his R&R, Judge Lane properly recommended dismissal of Plaintiff's defamation claim for lack of personal jurisdiction. Respectfully, however, Judge Lane erred in recommending that the district court find personal jurisdiction over Plaintiff's tortious-interference-with-contract claim. Before personal jurisdiction can exist in the intentional-tort context, Fifth Circuit precedent requires a showing that the defendant *knew* the plaintiff would suffer the brunt of the harm in the forum state. Given Defendant undisputedly lacked knowledge that Plaintiff was even located in Texas, therefore, controlling precedent compels dismissal of Plaintiff's entire lawsuit. Additionally, Defendant respectfully submits it is imperative this issue be addressed now because

a failure to correct the error would otherwise lead to costly and time-consuming substantive proceedings that would otherwise be reversed later after significant resources being expended.

## II.    ARGUMENT

Defendant objects to the R&R's finding and recommendation that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be denied as to Plaintiff's tortious-interference claim. More specifically, Defendant objects to the R&R's finding that Plaintiff established a prima facie case of sufficient forum contacts to exercise personal jurisdiction with respect to that claim. Dkt. 26 at 7, 9.  The basis of Defendant's objections is set out below.  The standard of review is *de novo*.  28 U.S.C. § 636(b)(1).

### A. Fifth Circuit Precedent Requires a Showing That Defendant Knew Plaintiff Would Suffer the Brunt of Harm in Texas.

Before specific personal jurisdiction can exist as to an intentional-tort claim the defendant must have known the plaintiff would suffer the brunt of injury specifically in the forum.  This principle is dictated by Supreme Court and Fifth Circuit precedent.  Defendant respectfully objects to the R&R's failure to apply this principle.

1. This requirement applies to tortious-interference and other tort claims.

Under Fifth Circuit precedent, "[k]nowledge of the particular forum in which a potential plaintiff will bear the brunt of the harm ***forms an essential part of the*** [specific-jurisdiction] test." *Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002) (emphasis added); *accord Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005).  The requirement that the defendant have known the plaintiff was in the forum is based on the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984).

The R&R appears to have reasoned that this *Calder* analysis would not apply to non-defamation torts.  Dkt. 26 at 6.  Notably, Plaintiff tellingly chose not to pursue this argument.

While *Calder* involved defamation, the Fifth Circuit has consistently applied *Calder* to a variety of intentional torts. Indeed, in explaining the principle regarding the defendant's knowledge of the location of the plaintiff's injury, *Revell* cited and quoted two non-defamation cases—one of which involved a tortious-interference-with-contract claim. *See Revell*, 317 F.3d at 475-476 & n.63 (relying on the following quote from *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998), a tortious-interference case: "[T]he plaintiff must show that the defendant *knew* that the plaintiff would suffer the brunt of the harm caused by the tortious conduct *in the forum*, and point to specific activity indicating that the defendant expressly aimed its tortious conduct *at the forum*." (emphasis in original)); *Revell*, 317 F.3d at 475-476 & n.63 (relying on the following quote from *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), a trademark-infringement case: "[*Calder* requires that] the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant *knows to be a resident of the forum state*" (emphasis in original)).

Indeed, the Fifth Circuit itself has applied *Calder* to tortious-interference claims, which likely explains Plaintiff's decided failure to argue that the analysis in *Revell* and *Calder* should not apply to such claims. For example, in *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 (5th Cir. 1988), the Fifth Circuit applied *Calder* and found no personal jurisdiction as to plaintiff's tortious-interference claims. The *Southmark* Court interpreted *Calder* as follows:

> In *Calder*, the Supreme Court held that when an alleged tort-feasor's intentional actions are expressly aimed at the forum state, and the tort-feasor *knows that the brunt of the injury will be felt by a particular **resident** in the forum*, the tort-feasor must reasonably anticipate being haled into court there to answer for its tortious actions.

*Southmark*, 851 F.2d at 772 (emphasis added); *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (applying *Calder* and explaining "foreseeability of

causing injury in Texas" is necessary, though not sufficient, prerequisite to exercise of jurisdiction and finding lack of jurisdiction over tortious-interference claim, even though defendant allegedly knew plaintiff was in Texas).[1]

The Fifth Circuit case law relied upon in the R&R further bolsters the fact that the *Calder* test applies to all intentional torts. In *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999), the Fifth Circuit described *Calder* as involving a situation in which the defendant "knew [his conduct] would affect the plaintiff's reputation in [the forum]," and the Court expressly held that the *Calder* "test applies outside the context of defamation." In that case, the defendant undisputedly knew the plaintiff was located in Texas—having even traveled there to meet with the plaintiff while in Texas. *Id.* at 211-214. In another Fifth Circuit case cited by the R&R, *Sangha v. Navig8 ShipMgt Priv., Ltd.*, 882 F.3d 96 (5th Cir. 2018), the Court considered *Calder* as to a tortious-interference-with-contract claim and found jurisdiction lacking—indicating that defendant's knowledge plaintiff was in Texas was a necessary part of the jurisdiction test but was not alone sufficient. *Id.* at 103 & n.3.[2]

> 2. The primary case relied upon by the R&R is consistent with *Revell* and likewise does not support an exercise of personal jurisdiction.

The primary case relied upon by the R&R, *Trois v. Apple Tree Auction Ctr, Inc.*, 882 F.3d 485 (5th Cir. 2018), likewise further supports the requirement that the defendant must have known

---

[1] While this case law involved a contract negotiated or performed outside Texas, the Court made clear that an inescapable threshold requirement is that "the tort-feasor knows that the brunt of the injury will be felt by a particular resident in the forum." *Southmark*, 851 F.2d at 772.

[2] Defendant also respectfully objects to the R&R's reading of the import of the *Festor* case from this Court. *Festor* involved fraudulent statements to Texas residents but without evidence that the defendant knew *the plaintiffs* lived in Texas. The Court properly held that such knowledge is a necessary predicate to finding jurisdiction. *See Festor*, 2009 WL 10669519, at *5.

the plaintiff was in the forum and intended to cause harm there. The R&R described *Trois* as follows:

> *Trois* . . . reiterated that . . . a single communication may be enough to establish personal jurisdiction in an intentional-tort claim when a non-resident defendant places a phone call to the forum state and makes false statements over the phone to a forum resident.

Dkt. 26 at 7. That a single communication "*may* be enough" to support personal jurisdiction is an accurate statement. However, for jurisdiction to exist, it is a necessary prerequisite that the defendant have known the plaintiff resided in the forum at the time of the allegedly tortious conduct and that the harm would occur there. *Trois* itself supports this proposition. At the outset of the opinion, the Fifth Circuit expressly stated that, with respect to the telephone calls at issue, the defendant allegedly "*knew* [the plaintiff] lived in Texas." *Trois*, 882 F.3d at 488 (emphasis added). The calls concerned the defendant's efforts to auction items owned by the plaintiff in Texas—thus further indicating the defendant knew plaintiff's location and that harm would occur in that jurisdiction. *Id.* at 491-492. Indeed, the *Trois* Court discussed the effect of a defendant's knowledge that the plaintiff was in the forum, but made the point that "mere knowledge" of the plaintiff's forum location is not alone enough to support jurisdiction. *Id.* at 492 n.7. In *Trois*, the defendant's knowledge of the plaintiff's location in Texas simply was not an issue. Contrary to the R&R's suggestion otherwise, *Trois* is in harmony with *Revell* and other prevailing Fifth Circuit precedent, in revealing the proposition that exercising specific personal jurisdiction as to an intentional tort requires a showing that the defendant *knew* the plaintiff resided in the forum and specifically directed harm there. *Trois* certainly does not support disregarding or overriding *earlier* Fifth Circuit precedent that requires those facts to exist.

Although the case law involving intentional torts varies widely regarding the degree of connection to the forum state, a common thread in the case law is a threshold requirement that the

defendant knew the plaintiff was in the forum and knew any harm would occur there. Mere knowledge of location alone would not support jurisdiction, but jurisdiction does not exist, as a matter of law, absent that showing. *See, e.g.*, *IMO*, 155 F.3d at 266 ("While knowledge that the plaintiff is located in the forum is necessary to the application of *Calder*, . . . it alone is insufficient. . . ."). Without consideration of the defendant's knowledge, a court cannot ascertain whether the defendant *purposefully* directed harmful actions towards the forum, and instead would improperly allow jurisdiction based on the "'random, fortuitous, or attenuated' contacts [the defendant] makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Under the subjective nature of the inquiry, "an essential part of the [specific-jurisdiction] test" is a showing that the defendant *knew* the plaintiff would "bear the brunt of the harm" in the forum. *Revell*, 317 F.3d at 475. As Judge Sparks held in a non-defamation case:

> [Defendant] alleges he did not know where [plaintiff] lived while the two of them were communicating via Skype, and [plaintiff] does not challenge the truth of that allegation. '*Knowledge of the particular forum in which a potential plaintiff will bear the brunt of the harm forms an essential part*' of the purposeful availment *analysis*. . . . Because [defendant] did not know where [plaintiff] was located during their communications, [defendant's] conduct was necessarily not purposefully directed at Texas, and specific jurisdiction cannot lie.

*See Rad v. Bragg*, No. 14-1074-SS, 2015 WL 12748177, at *3 (W.D. Tex. May 8, 2015) (emphasis added). The R&R erred in finding that, without the threshold showing that a defendant knew the plaintiff was in Texas and that harm would occur there, objective ties to Texas are sufficient to satisfy the required test.

### B. Because Defendant Undisputedly Did Not Know Plaintiff Was in Texas, and Therefore Could Not Know Harm Might Occur There, Dismissal Is Compelled.

Plaintiff does not even allege Defendant knew he resided in Texas. In addition, Plaintiff does not otherwise dispute—and the R&R does not take issue with the fact—that Defendant did not know Plaintiff resided in Texas at the time of the calls on which Plaintiff's tortious-interference

claim is based. *See* Dkt. 10-1, Decl. ¶¶ 9, 14. In fact, importantly, Plaintiff publicly held himself out as being located in New York. *Id.* ¶ 8 & Exs. 1 & 7. Accordingly, Fifth Circuit precedent requires dismissal of Plaintiff's tortious-interference claim for lack of personal jurisdiction.

### C. Defendant Did Not Know That Antarctic Press Was Located in Texas.

Antarctic Press ("AP") is the publisher that was considering publishing Plaintiff's book.[3] AP is not the plaintiff and therefore any knowledge regarding its location is not material to the outcome given Defendant's lack of knowledge regarding *Plaintiff's* location. It does not appear that the R&R based its decision on any knowledge of Defendant knowing AP's location. But, out of caution, Defendant also objects to the R&R's brief discussion concerning AP's location. The R&R notes that whether Defendant knew AP was in Texas is "disputed," such that the Court was to "resolve factual conflicts in favor of the party seeking to invoke the court's jurisdiction." Dkt. 26 at 6 & n.2. The R&R's statement indicates a misunderstanding of the law and the situation involving AP.

The evidence affirmatively showed Defendant did not know AP was in Texas at the time of his calls with AP. *See* Dkt. 10-1, ¶ 14. Nor does Plaintiff's Complaint allege otherwise. Plaintiff noted that "any conflicts *between **evidence** submitted [by] the parties [must be resolved] in favor of the plaintiff*." Dkt. 23 at 9 (emphasis added); *see, e.g.*, *Johnston v. Multidata Sys. Int'l*,

---

[3] The R&R (Dkt. 26 at 3, 5) explains that Plaintiff's Complaint alleges that Defendant caused AP to decide not to publish Plaintiff's book. These allegations, however, are affirmatively defeated by actual evidence, namely, AP's own deposition testimony, which makes clear that Defendant did not cause AP to not publish the book—rather AP made that decision based on Plaintiff's own statements and conduct. *See, e.g.*, Dkt. 24, Ex. 1, 107:20-108:19; 111:7-111:16. Also, while Plaintiff alleges AP breached a contract, the facts affirmatively show AP did not breach any contract (as none even existed). *Id.* at 71:4-8; 72:10-73:5. It would make little sense to allow Plaintiff's allegations to control in light of undisputable first-hand evidence that would defeat this action on summary judgment. To the extent the R&R relied on these mere allegations, Defendant objects that the evidence should have taken precedence.

523 F.3d 602, 609 (5th Cir. 2008) ("conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor"). Plaintiff submitted irrelevant evidence showing San Antonio's area code—without any evidence that Defendant knew that area code was associated with Texas or even any evidence showing that the area code is generally known by non-Texans as associated with Texas. Moreover, even if Defendant had such knowledge (which he did not), that would be insufficient. *See, e.g.*, *Tornado Bus. Co. v. Bus. & Coach Am. Corp.*, No. 14—3231, 2014 WL 7333873, at *3 (N.D. Tex. Dec. 23, 2014) (noting "courts are reluctant to find jurisdiction based only on emails and phone calls because reliance on telephone calls and email can no longer reliably prove purposeful availment" (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790 (Tex. 2005)). In fact, the evidence shows that AP itself admitted that it was not known as a Texas-based publisher. Dkt. 24, Ex. 1, 32:17-33:7. Ultimately, Plaintiff was able to demonstrate merely that Defendant knew **after the calls** that AP was in Texas (*see* Dkt. 23, Resp. at 11 & Ex. B)—which would not be relevant even if AP itself were the plaintiff. *See, e.g.*, *Festor v. Wolf*, No. 09-0054, 2009 WL 10669519, at *5 (W.D. Tex. Aug. 24, 2009) (holding defendant's knowledge plaintiff lived in Texas was not relevant to or in conflict with dispositive point that he did not know this at time of fraudulent communications). Plaintiff, however, did not submit **evidence** rebutting the fact Defendant **did not know** AP was in Texas at the time of the allegedly tortious conduct. The R&R, therefore, erred in suggesting there was a valid dispute on this issue.

In sum, Defendant's lack of knowledge of Plaintiff's forum location, and therefore that the brunt of any harm could occur there, necessitates dismissal of the tortious-interference claim. In addition, even if knowledge regarding AP's location were material (which it is not), the unrebutted

evidence affirmatively shows that Defendant did not know AP was in Texas at the time of the allegedly tortious conduct.[4]

### III.   CONCLUSION

Defendant respectfully submits that, if the R&R's error is not corrected, the parties will incur substantial time and expense litigating a case that should not have moved forward for lack of personal jurisdiction. For the reasons discussed herein, Defendant prays that the Court sustain his objections to the R&R's finding and recommendation that the Motion to Dismiss as to the tortious-interference claim be denied. Instead, the Motion to Dismiss (Dkt. 10) should be granted in full.[5]

---

[4] The R&R also respectfully failed to appreciate the fact that the larger dispute at issue has no meaningful connection to Texas. The case arises out of plans to publish a book to be created by a team spread across multiple states, whose subject matter would not be Texas, and that would be aimed at the world-wide comic book market. Moreover, Defendant's alleged conduct stems from Plaintiff's anti-diversity campaign that targets the comic-book market generally—not anything unique or connected to Texas. *See* Compl. ¶¶ 15-17; Dkt. 10-1, Decl. ¶¶ 11-13, 20. As the Fifth Circuit has made clear, even where the defendant actually knew the plaintiff was in the forum, the larger context of the dispute must be considered as well. *See, e.g.*, *Herman v. Cataphora, Inc.*, 730 F.3d 460, 462, 465-466 (5th Cir. 2013) (finding no jurisdiction over tortious-interference and defamation claims because "focal point" of dispute was not forum, Louisiana, even though defendant, a trial consultant, made statements to legal-affairs website to effect plaintiffs, lawyers working in Louisiana, had acted improperly in relation to litigation in Louisiana, because statements at issue did not mention Louisiana and focused on parties' larger contractual relationship). This larger context defeats jurisdiction at the outset (even if Defendant had the requisite knowledge—which he did not). Alternatively, it shows that the R&R erred in application of the *McFadin* factors (Dkt. 26 at 8), which favor declining to exercise jurisdiction even if otherwise appropriate.

[5] Defendant alternatively recommends that an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) would be appropriate. *See, e.g.*, *Johnston*, 523 F.3d at 609 (involving section 1292(b) appeal of denial of motion to dismiss for lack of personal jurisdiction). In the further alternative, if the Court were to find jurisdiction over the interference claim, the Court should transfer the action to the Central District of California, since Plaintiff's defamation claim cannot be litigated in Texas. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers [under 28 U.S.C. § 1404(a)] may be made *sua sponte*.").

DATE:  June 24, 2019	Respectfully submitted,

REEVES & BRIGHTWELL LLP


*/s/ Ryan Pierce*
Beverly Reeves
State Bar No. 16716500
breeves@reevesbrightwell.com
Ryan Pierce
State Bar No. 24035413
rpierce@reevesbrightwell.com
221 W. 6th Street, Suite 1000
Austin, TX  78701-3410
512.334.4500 Telephone
512.334.4492 Facsimile

Mark S. Zaid, Esq.
D.C. Bar #440532 (admitted *Pro Hac Vice*)
Mark@MarkZaid.com
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W.
Suite 700
Washington, D.C. 20036
202.454.2809 Telephone
202.330.5610 Facsimile

**ATTORNEYS FOR DEFENDANT MARK WAID**


## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2019, a true and correct copy of the foregoing document was sent via CM/ECF electronic filing and/or U.S. mail to the following:

> Daniel H. Byrne
> Dale L. Roberts
> Fritz, Byrne, Head & Gilstrap, PLLC
> 221 W. 6th Street, Suite 960
> Austin, TX 78701
> dbyrne@fbhg.law
> droberts@fbhg.law

*/s/ Ryan Pierce*
Ryan Pierce