IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.:  1:18-CV-00800 |
| | § | |
| MARK WAID, | § | (Jury Demanded) |
|     Defendant. | § | |

**OPPOSED MOTION FOR LEAVE TO FILE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Richard Meyer files this Motion for leave to file Plaintiff's First Amended Complaint.

1.  Rule 15(a) "evinces a bias in favor of granting leave to amend" and "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party," leave to amend a pleading must be granted.  *Martin's Herends Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1995); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

2.  Richard Meyer filed this action asserting claims for tortious interference with contract and defamation against Mark Waid.  These claims arise from: (1) Mark Waid's interference with a contract performable in Texas and between two Texas residents; and (2) Waid's subsequent defamation of Meyer at a comic book convention in Houston, Texas.  In response, Waid filed a motion to dismiss for lack of personal jurisdiction [Dkt. 13].  After jurisdictional discovery, Meyer presented evidence of Waid's intentional actions directed towards Texas as well as actions taken within the state of Texas that support these two claims.  *See*

Response to Motion to Dismiss for Lack of Jurisdiction [Dkt. 23], at ___. Despite that evidence, as well as allegations within Plaintiff's Original Complaint about Waid defaming Meyer at comic book conventions, the Report and Recommendation of the United States Magistrate Judge concluded that Meyer's defamation allegations were restricted to Waid's social media activities and were thus not necessarily directed towards Texas.

3. While Meyer disagrees with the Report's conclusion regarding Meyer's defamation claims, any confusion regarding the nexus between the state of Texas and Meyer's defamation claim can be easily remedied. The proposed First Amended Complaint, attached as **Exhibit A**, makes absolutely clear that Waid's activities in Houston, Texas where defamed Meyer to a Texas audience underlie Meyer's defamation claims. In doing so, it removes any possible argument that Waid should not have expected to be haled into a Texas court for defaming a Texas resident.

4. This case is in its very early stages. Waid has not even filed an answer and will undoubtedly file further motions to dismiss in an attempt to further delay responding to Meyer's allegations. As such, there can be no prejudice to Waid that would justify denying this motion for leave to amend Meyer's complaint.

## CERTIFICATE OF CONFERENCE

5. I certify that counsel for Richard Meyer has made reasonable efforts to confer with the Mark Waid's counsel regarding whether Waid opposes the relief requested by this motion. Waid's counsel indicated that Waid is opposed to such relief.

## CONCLUSION AND PRAYER

Based on the foregoing, Plaintiff Richard Meyer respectfully requests that this Court grant leave for Meyer to file Plaintiff's First Amended Complaint and grant him such other relief to which he is entitled.

    Respectfully submitted,

    FRITZ, BYRNE, HEAD & GILSTRAP, PLLC
    221 West Sixth Street, Suite 960
    Austin, Texas 78701
    Telephone: (512) 476-2020
    Telecopy: (512) 477-5267

BY:    /s/ Daniel H. Byrne
        Daniel H. Byrne
        State Bar No. 03565600
        Email: dbyrne@fbhg.law
        Dale L. Roberts
        State Bar No. 24001123
        Email: droberts@fbhg.law

ATTORNEYS FOR PLAINTIFF RICHARD MEYER

## **CERTIFICATE OF SERVICE**

      I certify that this document was served on the counsel of record listed below using the Court's ECF system on June 24, 2019:

Beverly Reeves
breeves@reevesbrightwell.com
Ryan Pierce
rpierce@reevesbrightwell.com
Reeves & Brightwell, LLP
221 West Sixth Street, Suite 1000
Austin, Texas

Mark S. Zaid
mark@markzaid.com
Mark S. Zaid, P.C.
1250 Connecticut Avenue, Northwest, Suite 700
Washington, D.C. 20036

                                            /s/ Daniel H. Byrne
                                            Daniel H. Byrne