IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CASE NO.: 1:18-CV-00800 | |
| § | | |
| MARK WAID, § | (Jury Demanded) | |
|    Defendant. § | | |

## PLAINTIFF'S OBJECTION TO
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Richard Meyer files this Objection to Magistrate Judge's Report and Recommendation.

### I. INTRODUCTION

1. This Court referred Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion") [Dkt. 10] to the United States Magistrate Judge Mark Lane. On June 6, 2019, Judge Lane issued his Report and Recommendation (the "Report") [Dkt. 26]. In the Report, Judge Lane concluded that this Court should deny in part, and grant in part, the Motion. Specifically, the Report correctly recommends that the Motion should be denied as to Meyer's claims for tortious interference with contract, but incorrectly recommends the Motion be granted with respect to Meyer's claims for defamation. Because the Report takes too narrow a view of Meyer's allegations in Plaintiff's Original Complaint (the "Complaint") [Dkt. 1], Meyer respectfully objects to the recommendation that Meyer's defamation claims be dismissed.

### II. ARGUMENT AND AUTHORITIES

2. If a party timely objects to the magistrate judge's recommendations or findings, the district court must determine *de novo* any part of the objectionable portions of the

recommendations or findings.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).  The district court may then accept, reject, or modify the recommendations or findings, in whole or in part.  28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3).

3. As this Court knows, Meyer is only required to provide a "short and plain statement of the claim showing that [Meyer] is entitled to relief" and a demand for the relief sought in his Complaint.  *See* FED. R. CIV. P. 8(a).  When considering a challenge to personal jurisdiction, the Court should consider the entirety of the Complaint along with the evidence presented in response to the jurisdictional challenge and resolve any factual disputes in favor of the non-movant.  *See WithdrawalEase.com v. Withdrawalaid.com*, Cause No. 1:14-CV-878-LY, 2014 WL 1247940, at *2 (W.D. Tex. Dec. 18, 2014).

4. Here, the Report focuses entirely on one paragraph from the Complaint to incorrectly conclude that Meyer's defamation allegations against Waid are based solely on Waid's social media activities and do not encompass Waid's defamatory statements made in Texas, to a Texas audience.  *See* Report, at p. 8-9 (focusing on the allegation contained in paragraph no. 24).  In doing so, the Report disregards the factual allegations earlier in the complaint:

> In the meantime, Waid has described [his tortious interference] *in interviews and on comic convention panels*.  Waid has falsely stated that Meyer published a list of comic book stores, with the first and last name of the comic book stores' employees, in response to the stores' decision to not carry JAWBREAKERS.  In doing so, Waid suggested that Meyer was encouraging his followers to harass or threaten the comic book stores' employees.  By repeating this false allegation, Waid further alienated Meyer from comic book stores and fans at large in the industry.

Complaint, at ¶ 22 (emphasis added).  Meyer's evidence (which is not disputed by Waid) submitted in response to the Motion was that Waid repeated the defamatory statements while participating in a comic book convention panel in Houston, Texas.  *See* Response to Motion to

Dismiss [Dkt. 23], at ¶¶ 13, 22 (detailing statements made by Waid to Houston comic book convention participants that are the basis of Meyer's defamation claims). The Report should have considered Meyer's other allegations contained within the Complaint instead of focusing solely on those in paragraph no. 24. The defamation claims should not be dismissed as a result.

5. There is another reason that Meyer's defamation claims should not be dismissed – any perceived inadequacies in Meyer's pleading can be corrected through an amendment. To that end, Meyer has filed a motion for leave to file Plaintiff's First Amended Complaint concurrently with this filing. The proposed, amended complaint erases any doubt that Meyer is alleging that Waid's statements made while in Texas, and to a Texas audience, underlie Meyer's defamation claim.

For the foregoing reasons, Plaintiff Richard Meyer respectfully requests that the Court reject the Report's recommendation that Meyer's defamation claim be dismissed, deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction in its entirety, and grant Meyer such other and further relief to which he is justly entitled.

        Respectfully submitted,

        FRITZ, BYRNE, HEAD & GILSTRAP, PLLC
        221 West Sixth Street, Suite 960
        Austin, Texas 78701
        Telephone: (512) 476-2020
        Telecopy: (512) 477-5267

        BY:    /s/ Daniel H. Byrne
                Daniel H. Byrne
                State Bar No. 03565600
                Email: dbyrne@fbhg.law
                Dale L. Roberts
                State Bar No. 24001123
                Email: droberts@fbhg.law

        ATTORNEYS FOR PLAINTIFF RICHARD MEYER

## **CERTIFICATE OF SERVICE**

  I certify that this document was served on the counsel of record listed below using the Court's ECF system on June 24, 2019:

Beverly Reeves
breeves@reevesbrightwell.com
Ryan Pierce
rpierce@reevesbrightwell.com
Reeves & Brightwell, LLP
221 West Sixth Street, Suite 1000
Austin, Texas

Mark S. Zaid
mark@markzaid.com
Mark S. Zaid, P.C.
1250 Connecticut Avenue, Northwest, Suite 700
Washington, D.C. 20036

              /s/ Daniel H. Byrne
              Daniel H. Byrne