IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| RICHARD MEYER, | § | |
| :--- | :--- | :--- |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.: 1:18-CV-00800 |
| | § | |
| MARK WAID, | § | (Jury Demanded) |
| Defendant. | § | |

**RESPONSE TO DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Meyer files this Response to Defendant's Objections to Report and Recommendation of the United States Magistrate Judge Regarding Defendant's Motion to Dismiss [Dkt. 27] (the "Defendant's Objection").

## I. INTRODUCTION

1. Defendant's Objection should be overruled. The Report and Recommendation of the United States Magistrate Judge [Dkt. 26] (the "R&R") correctly concluded that this Court has jurisdiction over Mark Waid as a result of Waid calling a Texas publisher and convincing that publisher to breach its contract with Richard Meyer, who is also a Texas citizen. Waid's claimed ignorance of the publisher's whereabouts is belied by his multiple affirmations immediately following his interference that he knew the publisher. From the moment Waid deliberately reached out to that publisher, Waid should have reasonably anticipated being haled into a Texas court to answer for those actions. This Court should adopt the R&R factual findings and legal conclusions with regard to Meyer's tortious interference with contract claim.

## II. ARGUMENT AND AUTHORITIES

**A. Legal Standard—Purposeful Actions Directed at Forum**

2. **Single Phone Call Will Suffice**. The R&R was correct – Waid's single phone call is sufficient to invoke this Court's jurisdiction. The Fifth Circuit has long held that minimum contact with the forum state can be established through a single phone call. *See Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332- 34 (5th Cir. 1982) (holding defamatory statements made during single telephone call was sufficient to support personal jurisdiction).[1] In fact, the Fifth Circuit recently upheld jurisdiction based on single phone call that included Texas citizens even though the call was not even initiated by the defendant. *See Trois v. Apple Tree Auction Ctr.*, 882 F.3d at 490-91. There, the defendant participated in a conference call initiated by a third party during which, the plaintiff asserted, one of the defendants made fraudulent statements concerning his auction company. *Id.* In rejecting the defendants' claim that a single phone call was insufficient to confer jurisdiction, the court stated:

> Although Schnaidt [the defendant] did not initiate the conference call to Trois in Texas, Schnaidt was not a passive participant on the call. Instead, he was the key negotiating party who made representations regarding his business in a call to Texas. It is that intentional conduct on the part of Schnaidt that led to this litigation. . . . The defendants should have reasonably anticipated being haled into Texas court as a result of reaching out to Texas via phone in order to garner business and make specific representations.

---

[1] The Fifth Circuit has repeatedly cited *Brown v. Flowers Industries* for this proposition. *See Trois v. Apple Tree Auction Center, Inc.*, 882 F.3d 485, 491(5th Cir. 2018) (citing Brown v. Flores and upholding jurisdiction where misrepresentations were made during a single phone call); *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001) (citing *Brown* and stating that a "single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."); *SGS-Thompson Micro-Electronics, Inc. v. Ferris*, No. 93-9115, 1995 WL 313932 (5th Cir. May 1, 1995) ("In Brown, the panel reversed a district court decision that one phone call by a non-resident into the forum was insufficient "minimum contact" to support jurisdiction over the non-resident in the forum."); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985) ("One of the defendants had initiated a single telephone call into the forum state, during which he allegedly committed the intentional tort of defamation. The claim of jurisdiction was predicated on this single telephone call.");

*Id.* at 491. This Court has likewise found jurisdiction where the content of the non-resident's communication with Texas formed the basis of the plaintiff's cause of action. *See OfficeVP LLC v. Ideal Health Inc.*, No. A-11-CV-741-LY, 20112 WL 787041, at *6 (W.D. Tex. March 6, 2012) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.") (internal quotations omitted). Thus, personal jurisdiction for intentional torts is established when the cause of action arises from the defendant's communication with a citizen of the forum state.[2]

### B. Waid's intentional actions directed toward Texas gave rise to Meyer's tortious interference with contract claim.

3. Waid intentionally directed his actions towards Texas to interfere with a contract that was between Texas citizens and performable in Texas. As the evidence submitted with the Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 23] (the "MTD Response") showed, Antarctic Press and Meyer, both citizens of Texas, entered a contract to publish JAWBREAKERS that was performable in Texas. MTD Response, at ¶¶ 3-4. It is undisputed that Waid intentionally reached out to AP by calling AP's landline, business phone to discourage AP from publishing JAWBREAKERS. And Waid bragged on social media that he had done so. *Id.*, at ¶¶ 6-8.

4. Despite Waid's initial denial under oath to this Court that he did not know where AP was located until this suit was filed,[3] and faced with his recorded comments in Houston ten

---

[2] Waid's continued reliance on *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482 (1984) and related cases is unavailing. The Fifth Circuit has made clear in *Trois v. Apple Tree Auction Center* and elsewhere that the correct analysis is to determine whether the defendant's "conduct connects it to the forum in a meaningful way." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 104 (5th Cir. 2018).

[3] *See* November 1, 2018 Declaration of Mark Waid [Dkt. 10-1].

days after the call, he now admits (as he must) that he knew that AP was Texas-based at least by then. Waid's claim that he only learned of AP's location after the call is completely implausible and not credible. He is completely unable to explain how he became aware of that fact. *See* MTD Response, Exh. B, Waid Depo., at pp. 44:24-46:10, 60:9-12 & Exh. 2, at p. 2. Waid also professed on at least two occasions within that same two week period (one of which was two days after the call) that he had previously met and knew AP's owner and knew that he was a "good guy." *See id.*, Exh. C, B Dunn Depo Exh. 10, at pp. 13-15; *id.*, Exh. B, Waid Depo. pp: 61:17-62:24. Waid denies using the internet to identify the 210 area code number he dialed for AP's landline, probably because AP's San Antonio address is prominently displayed on its website; he claims instead to have procured the number from some unidentified industry source. *Id.*, at p. 38:7-39:1. Waid's assertion that he did not know where he was calling when he reached out to AP is simply not credible.

5. Waid's actions during that call were intentional and deliberate – he wanted AP to drop JAWBREAKERS, and Waid succeeded. This case falls directly in line with *Trois v. Apple Tree Auction Center, Inc.*, discussed above. Like the defendant in that case, Waid intentionally reached out to a Texas citizen to interfere with its contract to publish JAWBREAKERS. When Dunn spoke to Waid, Waid was an active participant advocating against publication of Meyer's book just as the defendant in *Trois v. Apple Tree Auction Center, Inc.* was an active participant making misrepresentations. *Trois v. Apple Tree Auction Center, Inc.*, 882 F.3d 485, 489 (5th Cir. 2018). Here, Waid was a party in two telephone calls with Texas participants, one with AP's office manager and later with AP's owner, with the intention of convincing AP to breach its contract with Meyer. Waid's actions during those calls alone are sufficient contacts with Texas for this Court to assert personal jurisdiction over Waid.

6. Even if Waid were being truthful regarding his alleged ignorance of AP's Texas citizenship despite the evidence to the contrary,[4] that is not enough to defeat jurisdiction. Again, the key inquiry is whether Waid's intentional actions towards Texas give rise to the cause of action. It is undisputed that Waid called AP's business telephone with a San Antonio area code. Federal courts are critical of arguments that willful ignorance of the state to which the defendant direct a communication defeats jurisdiction. *See Strange v. Carnival Corp.*, No. 18-0295, 2019 WL 1281251, at *9 (W.D. La. March 20, 2019) (citing cases and approving of courts' rejections of the argument that a defendant's ignorance of the location of the phone the defendant had called defeated jurisdiction); *Luna v. Shac*, LLC, No. 14-607, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014) (holding that sending unsolicited text messages to forum state subjected the defendant to personal jurisdiction in that state regardless of the defendant's knowledge of the recipient phone's location); *See also, Schneider v. Hardesty,* 669 F.3d 693, 700–01 (6th Cir.2012) ("[T]he only possible explanation [for defendant's ignorance of the plaintiff's geographic location] is that [he] intentionally buried his head in the sand, and that cannot save [him] from being subject to jurisdiction."). In this case, Waid intentionally reached out to a San Antonio business with a San Antonio area code for the purpose of interfering with that business' contract, solicited a call back from the company's owner, and executed on his intention to interfere with AP's contract.

7. Finally, there is also no question that Waid's bullying influenced AP's owner to cancel publication of JAWBREAKERS. As described in the MTD Response, Dunn, AP's owner, lamented to his colleague just before his call will with Waid that AP was caught in the middle and was being bullied into not publishing Meyer's book, but that he was still proceeding with

---

[4] Because Waid's knowledge of AP's Texas connections is disputed and there is conflicting evidence of his knowledge in the record, the Court must resolve that dispute in Meyer's favor. *See WithdrawalEase.com v. Withdrawalaid.com*, Cause No. 1:14-CV-878-LY, 2014 WL 1247940, at *2 (W.D. Tex. Dec. 18, 2014).

publication. MTD Response, at ¶ 7. When Dunn called Waid ten minutes later, they spoke at length, immediately after which AP announced its decision to drop the project. *Id.*, at ¶ 8. Obviously concerned about exposure, Waid sought to insulate himself from the consequences of his actions by repeatedly soliciting an admission from Dunn that Waid had not bullied him (which Dunn refused to provide). *Id.*, Exh. B, Waid Depo., Exh. 7. That is not how innocent people act. It is clear that the telephone conversation between Waid and Dunn was the tipping point for AP, and Waid knew it.

### IV. CONCLUSION AND PRAYER

8. The R&R correctly found Waid's intentional actions directed towards Antarctic Press and Richard Meyer give rise to Meyer's tortious interference claim. Waid should not be allowed to tortiously interfere with Texas contracts and then claim he could not reasonably expect to be haled into a Texas court. This Court clearly has jurisdiction. Waid's Objection must be overruled

WHEREFORE, Plaintiff Richard Meyer respectfully requests that the Court overrule Defendant's Objection to United States Magistrate Judge's Report and Recommendation, and that Plaintiff be granted all other relief to which he is justly entitled.

    Respectfully submitted,

    FRITZ, BYRNE, HEAD & GILSTRAP, PLLC
    221 West Sixth Street, Suite 960
    Austin, Texas 78701
    Telephone: (512) 476-2020
    Telecopy: (512) 477-5267

    BY:   /s/ Daniel H. Byrne
          Daniel H. Byrne
          State Bar No. 03565600
          Email: dbyrne@fbhg.law
          Dale L. Roberts
          State Bar No. 24001123

Email: droberts@fbhg.law

A<small>TTORNEYS FOR</small> P<small>LAINTIFF</small> R<small>ICHARD</small> M<small>EYER</small>

**CERTIFICATE OF SERVICE**

I certify that this document was served on the counsel of record listed below using the Court's ECF system on July 12, 2019:

Beverly Reeves
breeves@reevesbrightwell.com
Ryan Pierce
rpierce@reevesbrightwell.com
Reeves & Brightwell, LLP
221 West Sixth Street, Suite 1000
Austin, Texas

Mark S. Zaid
mark@markzaid.com
Mark S. Zaid, P.C.
1250 Connecticut Avenue, Northwest, Suite 700
Washington, D.C. 20036

---

**R<small>ESPONSE TO</small> D<small>EFENDANT'S</small> O<small>BJECTIONS TO</small> R<small>EPORT AND</small>**
**R<small>ECOMMENDATION OF THE</small> U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>    Page 7**