IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:18-cv-00800-LY |
| | § | |
| MARK WAID, | § | |
| Defendant | § | |

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

# I.  ARGUMENT

Plaintiff Richard Meyer's Objection to Magistrate Judge's Report and Recommendation (Dkt. 29) should be overruled.  Magistrate Judge Lane correctly concluded that no personal jurisdiction existed as to Plaintiff's defamation count.  Plaintiff's sole argument is that Judge Lane misread the Complaint's allegations.  This argument is meritless.

## A.  Plaintiff's Complaint expressly based any defamation claims on "social media" statements.

As Magistrate Judge Lane correctly observed, Plaintiff's Complaint unequivocally based any defamation claims on Defendant Mark Waid's alleged statements made "[t]hrough his various social media accounts," *see* R&R at 8-9 (citing Compl. ¶ 24).  And Plaintiff did not—and could not—raise any grounds for personal jurisdiction as to any defamation claim based on any such "social media" statements.  *See* R&R at 9 ("Meyer seems to agree with Waid that 'personal jurisdiction cannot be based solely on statements being accessible on social media or the internet in the forum state.'").

Plaintiff refers to the Complaint's vague allegations regarding Defendant's having allegedly "describ[ed] [his discussions with Antarctic Press] in interviews and on comic convention panels."  Dkt. 29, Objection at p.2.  But none of these allegations mention Texas.  Moreover, it bears repeating that Plaintiff expressly based his defamation count on alleged statements made "[t]hrough [Defendant's] various social media accounts." Compl. ¶ 24.  It makes sense that Plaintiff would not have based any defamation claim on Defendant's Houston statements because those statements occurred *after* Antarctic Press ("AP") decided not to publish Plaintiff's book.  *See* Dkt. 23, at p.8 & Ex. D.  It is only after AP's deposition testimony demolished Plaintiff's tortious-interference claim (Dkt. 24, Ex. 1), and after Judge Lane's R&R, that he now seeks to desperately expand his defamation claim.  Plaintiff expressly chose to base his defamation count

on "social media" statements, and Judge Lane correctly found that no personal jurisdiction existed as to that claim. *See Revell v. Lidov*, 317 F.3d 467, 472 (5th Cir. 2002) (explaining that, in determining whether personal jurisdiction exists, courts "look only to the contact out of which the cause of action arises"); *Festor v. Wolf*, No. 09-0054, 2009 WL 10669519, at **6-7 (W.D. Tex. Aug. 24, 2009) ("Though Defendant may have purposefully directed the subsequent acts at Texas, Plaintiffs have failed to show that any of these contacts give rise to their claims.").

**B. Plaintiff should not be permitted to amend his complaint.**

Plaintiff's only other argument is that he has filed a Motion for Leave to Amend to expressly refer to Defendant's Houston statements. *See* Dkt. 29 at p.3. Plaintiff does not raise arguments in his Objection for why he should be permitted to amend, but rather only references his Motion for Leave to Amend. *Id.* Defendant, therefore, refers the Court to his Response to Plaintiff's Motion for Leave, which sets out several independent reasons for why Plaintiff's request to amend should be denied.

Defendant will not repeat all the arguments in his Response to the Motion for Leave (which he incorporates herein), but he summarizes those arguments for convenience here:

- Plaintiff's proposed Amended Complaint still seeks to re-plead claims based on Defendant's prior statements over which there is undisputedly no personal jurisdiction. *See* Dkt. 28, Ex. A ¶ 11, 13, 22, 24. He merely seeks to add a new claim based on Defendant's statements in Houston that are allegedly similar to his prior statements, but the defamation count would still be inextricably intertwined with alleged statements regarding which no personal jurisdiction exists.

- Plaintiff cannot establish personal jurisdiction for any new claim based on the Houston statements. Thus, even if Plaintiff's Original Complaint were to be read to base a

defamation claim on the Houston statements—or even if Plaintiff were permitted to amend—there still would not be personal jurisdiction. "Knowledge of the particular forum in which a potential plaintiff will bear the brunt of the harm **forms an essential part of the Calder [specific-jurisdiction] test**." *Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002) (emphasis added). The foregoing requirement is based on *Calder v. Jones*, 465 U.S. 783 (1984), a case in which defamatory statements were widely published in the forum, *and* in which the defendant knew the plaintiff resided in the forum.[1] Plaintiff cites no authority allowing personal jurisdiction based simply on the fact that alleged defamatory statements occurred in the forum where the defendant did not know the Plaintiff resided in the forum and would suffer the brunt of harm there.[2]

- Separately, Plaintiff's proposed defamation claim based on the Houston statements would be plainly futile because it fails as a matter of law for obvious reasons. The claim would be time-barred under Texas law because the Houston statements occurred beyond the one-year limitations period. *See* Dkt. 23 at p.8 & Exs. B, D. Nor would the amendment "relate back" to the original complaint. *See, e.g.*, *Schirle v. Sokudo USA, LLC*, 484 Fed. Appx. 893, 901 (5th Cir. 2012). Aside from the obvious limitations bar, Plaintiff's defamation count also fails as a matter of law for failure to comply with the Texas Defamation Mitigation Act, which requires a timely demand for correction or retraction—and which

---

[1] In discussing the defamation count, the R&R cited *Calder* and *Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010). *See* Dkt. 26 at p.9. As in *Calder*, the defendant in *Clemens* undisputedly knew that the plaintiff resided in Texas. *Clemens*, 615 F.3d at 377-378.

[2] Defendant's lack of knowledge of Plaintiff's forum location itself defeats jurisdiction. But, in addition, the alleged defamation otherwise lacks the requisite "substantial connection" to Texas (*see Walden v. Fiore*, 571 U.S. 277, 284 (2014)), as it did not discuss Texas, relates to a book unrelated to Texas to be created by a team spread across several states, and relates to Plaintiff's anti-diversity views which have no relationship specifically to Texas. *See, e.g.*, Dkt. 10-1 ¶¶ 6, 11-12, 20; Proposed Am. Compl. ¶ 15, 22.

Plaintiff does not (and could not) plead. *See Tubbs v. Nicol,* 675 Fed. Appx. 437, 449 (5th Cir. 2017) (citing Tex. Civ. Prac. & Rem. Code § 73.052); *Zoanni v. Hogan*, 555 S.W.3d 321, 328 (Tex. App.—Houston [1st Dist.] 2018, pet. filed).

- On top of all this, Plaintiff unduly delayed in seeking an amendment until after Judge Lane issued his R&R.

- Finally, as further discussed in Defendant's Objections to the R&R (Dkt. 27), Defendant submits that personal jurisdiction likewise does not exist as to Plaintiff's tortious-interference claim. Dismissal of the interference claim—which Defendant believes Fifth Circuit precedent requires—would further weigh sharply against retaining a defamation claim that could only possibly be based on the alleged Houston statements.

Thus, for many separate reasons, Plaintiff's request for leave to amend his Complaint should be denied. Even if the Court were to allow amendment, the Court should still overrule Plaintiff's objection to the R&R.

## II.      CONCLUSION

Defendant respectfully prays that the Court overrule Plaintiff's Objection and adopt the R&R's finding that Defendant's Motion to Dismiss (Dkt. 10) should be granted as to Plaintiff's defamation count.

Respectfully submitted,

REEVES & BRIGHTWELL LLP


*/s/ Ryan Pierce*
Beverly Reeves, Esq.
State Bar No. 16716500
breeves@reevesbrightwell.com
Ryan Pierce, Esq.
State Bar No. 24035413
rpierce@reevesbrightwell.com
221 W. 6th Street, Suite 1000
Austin, TX 78701
(512) 334-4500
(512) 334-4492 (facsimile)

Mark S. Zaid, Esq.
D.C. Bar #440532 (admitted *Pro Hac Vice*)
Mark@MarkZaid.com
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W., Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax

**ATTORNEYS FOR DEFENDANT**



**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July 2019, the above and foregoing document was served using the Court's ECF system on the following counsel of record:

Daniel H. Byrne
Dale L. Roberts
Fritz, Byrne, Head & Gilstrap, PLLC
221 W. 6th St., Suite 960
Austin, TX 78701
dbyrne@fbhg.law
droberts@fbhg.law


*/s/ Ryan Pierce*
Ryan Pierce