IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:18-cv-00800-LY |
| | § | |
| MARK WAID, | § | |
|     Defendant | § | |

## DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff Richard Meyer's Motion for Leave to File First Amended Complaint (Dkt. 28) should be denied for multiple independent reasons. First, the proposed amendment still asserts a defamation count that does not fix the personal-jurisdiction problems. Second, the amendment would be plainly futile as a matter of law, because it would not survive a statute-of-limitations defense and, separately, Plaintiff did not comply with the requirements of the Defamation Mitigation Act. On top of these reasons, Plaintiff's request to amend suffers from undue delay. Finally, as set out in his Objections to the Magistrate's R&R, Plaintiff's tortious-interference claim should also be dismissed for lack of jurisdiction—therefore keeping any defamation claim in Texas would be especially inefficient.

## II. PROCEDURAL BACKGROUND

Plaintiff originally filed this lawsuit on September 19, 2018. Nowhere did he mention Texas in the Original Complaint, and he expressly based his defamation count on statements allegedly made "[t]hrough [Defendant's] various social media accounts." Compl. ¶ 24. Defendant Mark Waid filed his Motion to Dismiss for Lack of Personal Jurisdiction on November 2, 2018. Dkt. 10. In that Motion, Defendant argued that no personal jurisdiction exists as to Plaintiff's defamation claim, among other reasons, because it was "based on alleged defamatory statements made '[t]hrough [Mr. Waid's] various social media accounts.'" Dkt. 10, at 16-19.

In response to Defendant's Motion to Dismiss, Plaintiff argued that Defendant had also "repeated" previous statements while at a convention in Houston, but effectively conceded that no jurisdiction could exist as to the initial or original statements. Dkt. 23, at p.14. Notably, in his response to the Motion to Dismiss, Plaintiff made the point that "[a]t its base, this is a tortious interference case." *Id.* at 1. Plaintiff's alleged interference claim is based on the allegations that

a publisher, Antarctic Press ("AP"), decided not to publish his book after a phone call between Defendant and AP. *Id.* The newly alleged statements by Defendant in Houston occurred *after* AP had made the decision not to publish the book. *See* Dkt. 28, Ex. A ¶ 22. Specifically, the statements in Houston occurred in May 2018, more than one year ago. *See* Dkt. 23 at p8 & Ex. D.

In his Reply, on April 22, 2019, Defendant reiterated that the basis of Plaintiff's defamation claim was "social media" statements over which jurisdiction undisputedly did not exist. Dkt. 24 at 5. On June 10, 2019, Magistrate Judge Lane issued his Report and Recommendation ("R&R"), correctly finding Plaintiff's defamation count was based on statements for which there is no personal jurisdiction. On June 24, 2019, Plaintiff filed his Motion for Leave to Amend and seeks for the first time to partially base his defamation count on the Houston statements. Dkt. 28.

## III. ARGUMENT

"'Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed.'" *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (quoting 6 Wright, *Fed. Prac. & Proc.* 2d § 1486). Courts may consider such factors as undue delay, undue prejudice, and futility of the amendment. *Id.* A proposed amendment should be denied if the proposed claim fails to state a valid claim or if the plaintiff fails to show personal jurisdiction would exist. *See, e.g.*, *Pervasive Software, Inc. v. Lexware GmhB & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). More generally, Rule 15(a) maintains "the necessary power of a district court to manage a case." *Schiller*, 342 F.3d at 566.

**A. Plaintiff's proposed defamation count still does not support personal jurisdiction.**

1. <u>Plaintiff's proposed amendment seeks to re-plead claims over which there undisputedly is no personal jurisdiction.</u>

While Plaintiff seeks to clarify that the defamation count is *also* based on Defendant's statements in Houston, the proposed amendment is still premised on alleged statements over which

2

there undisputedly is no personal jurisdiction.[1]  The proposed amendment to the defamation count states:

> ***Including*** his statements described above in Houston, Texas, Waid has intentionally published statements of fact ***to his followers and the general public*** regarding Meyer, including falsely stating that Meyer published the first and last names of comic book store employees to encourage his followers to harass and threaten them, as well as characterizing Meyer as a racist, serial harasser of minorities, and as affiliated with white supremacists….

Dkt. 28, Ex. A ¶ 24 (emphasis added).

The above reference to "followers" is a reference to Defendant's social-media accounts.  As in the Original Complaint, Plaintiff alleges that Defendant "has thousands of friends following his Facebook posts, and almost 100,000 Twitter followers." *Id.* ¶ 11.  The proposed amendment further alleges that "[a]t various times, Waid has described Meyer as a serial harasser of women and minorities, and claimed that he promotes hate and intolerance." *Id.* ¶ 13.  In the proposed amendment, Plaintiff introduced a new heading entitled "Mark Waid's ***Continued*** Defamation of Richard Meyer," and then alleges that Defendant made certain statements in Houston at a public comic-book convention. *Id.* at p.9 (emphasis added).  Plaintiff concludes his allegations of the Houston statements with the following: "By making such statements in Houston, Texas ***and elsewhere***, Waid defamed Meyer and caused him damages." *Id.* ¶ 22 (emphasis added).  Thus, Plaintiff's defamation count remains based on the same previously alleged non-Texas statements.

Allegedly defamatory "statements [made] at different times and for different audiences . . . represent completely different torts because they are different publications." *Deaver v. Desai*, 483 S.W.3d 668, 676 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  In assessing personal jurisdiction, therefore, a district court must consider whether personal jurisdiction exists as to each

---

[1] Defendant attaches a highlighted version of the proposed amended complaint; the highlighting shows the newly proposed allegations.  *See* Ex. A.

3

alleged defamatory statement. "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Seifarth v. Helicoperos Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006).

Thus, even if a claim based on the Houston statements could survive a jurisdictional challenge (which, as noted below, Defendant does not concede), Plaintiff's proposed amendment seeks to also maintain defamation claims for which there is undisputedly no personal jurisdiction. For that reason alone, the proposed amendment should not be permitted. In fact, in his Motion for Leave to Amend, Plaintiff does not "identify how amendment would confer personal jurisdiction" with regard to the amended defamation count. *Pervasive Software*, 688 F.3d at 232; *see also Weisskopf v. United Jewish Appeal*, 889 F. Supp. 2d 912, 926 (S.D. Tex. 2012) (denying motion to amend where amendment did not establish personal jurisdiction).

In addition, even if merely adding the Houston statements while also keeping other non-Texas statements would be proper, the proposed amendment presents substantial practical problems. Allowing litigation of the proposed defamation count to proceed in Texas would require the Court and any jury to parse the defamation allegations to ensure that any causation and any damages are tied only to the Houston statements.[2] Exacerbating the complications, Plaintiff has alleged that the Houston statements are similar to the prior alleged statements. *See* Dkt. 23 at 14; Dkt. 28-1 ¶ 22. Plaintiff's proposed defamation claim based on the Houston statements therefore is necessarily intertwined with alleged statements that cannot, as a matter of constitutional law, be litigated in Texas. The Court need not permit the unnecessary complications this would present. Notably, the Houston statements occurred after AP had already decided not to publish Plaintiff's

---

[2] Defendant emphasizes that Plaintiff's defamation claims—both previously alleged and proposed—are entirely meritless for many independent reasons. But these issues should not at the outset even be decided in Texas.

4

book—which is the actual gist of Plaintiff's lawsuit. Plaintiff should not be permitted to try to use these Houston statements to bootstrap into the case prior alleged statements over which there is clearly no jurisdiction.[3] Rule 15(a) preserves the Court's discretion to "manage a case," and it should use that discretion to refuse to allow amendment under these circumstances *Schiller*, 342 F.3d at 566.

As indicated above, Plaintiff's proposed amendment presents substantial jurisdictional issues. The Court need not ultimately decide whether a defamation count based only on the alleged Houston statements would support jurisdiction because Plaintiff's proposed count is also expressly based on alleged conduct that plainly does not support jurisdiction. The difficulties presented by Plaintiff's proposed amendment are enough to deny the amendment.

2. <u>Even a claim based solely on the Houston statements presents jurisdictional problems.</u>

In any event, there is no personal jurisdiction over a defamation claim based on the Houston statements. Merely because a defamatory statement is published in the forum state does not necessarily support jurisdiction. Instead, "[k]nowledge of the particular forum in which a potential plaintiff will bear the brunt of the harm ***forms an essential part of the Calder [specific-jurisdiction] test***." *Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002) (emphasis added). The foregoing requirement is based on *Calder v. Jones*, 465 U.S. 783 (1984), a case in which defamatory statements were widely published in the forum, ***and*** in which the defendant knew the plaintiff resided in the forum. As explained by the Fifth Circuit:

---

[3] A case relied upon by Plaintiff highlights the fact the Court should not allow amendment. In *Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765 (5th Cir. 1999), the plaintiff proposed an amended claim under "the guise of clarifying the scope" of the claim that was "merely attempting to argue the same theory that failed" under an earlier pleading. *Id.* at 770-771. The same can be said of Plaintiff's proposed amendment, which effectively seeks to pursue a defamation count that rests on a basis for which there is no personal jurisdiction.

5

In *Calder*, the Supreme Court held that when an alleged tort-feasor's intentional actions are expressly aimed at the forum state, and the tort-feasor *knows that the brunt of the injury will be felt by a particular **resident** in the forum*, the tort-feasor must reasonably anticipate being haled into court there to answer for its tortious actions.

*Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 (5th Cir. 1988) (emphasis added).[4]

In this case, Defendant undisputedly did not know Plaintiff resided in Texas. *See* Dkt. 10-1, Decl. ¶¶ 9, 14. In fact, Plaintiff publicly held himself out as being in New York. *Id.* ¶ 8 & Exs. 1 & 7. Accordingly, Fifth Circuit precedent requires a finding that Plaintiff's proposed claim based on Defendant's Houston statements would still fail for lack of jurisdiction.[5]

Even if jurisdiction were appropriate for a claim based on the Houston statements, this is one of those cases in which the "fair and reasonable" factors weigh against exercising jurisdiction. *See McFadin v. Gerber*, 587 F.3d 753, 759-760 (5th Cir. 2009) (identifying factors).

- Defendant has no connection to Texas (*see* Dkt. 10-1);

- Texas has little interest in resolving the proposed defamation claim. Keeping only part of Plaintiff's defamation count in Texas would undercut the efficient administration of justice; and other states aside from Texas (at least, California) have shared interests in this dispute. The alleged defamation concerns Plaintiff's anti-diversity views about the comic-book market generally (which is not centered in Texas, *see* Dkt. 10-1 ¶ 6), relates to a book whose subject matter has no relationship to Texas and which was being created by a team spread across multiple states, and the subject matter of the alleged defamatory statements do not

---

[4] In discussing the defamation count, the R&R cited *Calder* and *Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010). *See* Dkt. 26 at p.9. As in *Calder*, the defendant in *Clemens* undisputedly knew that the plaintiff resided in Texas. *Clemens*, 615 F.3d at 377-378.

[5] Defendant's lack of knowledge of Plaintiff's forum location itself defeats jurisdiction. But, in addition, the alleged defamation otherwise lacks the requisite "substantial connection" to Texas (*see Walden v. Fiore*, 571 U.S. 277, 284 (2014)), as it did not discuss Texas, relates to a book unrelated to Texas to be created by a team spread across several states, and relates to Plaintiff's anti-diversity views which have no relationship specifically to Texas, *see infra*.

discuss Texas. *See id.* ¶¶ 11-12, 20; Proposed Am. Compl. ¶¶ 15, 22. Moreover, as noted above, Plaintiff alleges the Houston statements were like earlier statements aimed at the general public regarding which there undisputedly is no personal jurisdiction—such that splitting up Plaintiff's defamation theory makes no practical sense. In addition, by Plaintiff's own admission, the real gist of the lawsuit is AP's decision not to publish Plaintiff's book, not Defendant's Houston statements (*see* Dkt. 23 at p.1); and,

- Plaintiff's interest in securing relief as to this claim is extremely weak. Plaintiff alleges the Houston statements are substantially similar to earlier statements without connection to Texas, and the Houston statements occurred *after* AP decided not to publish the book.

**B. Plaintiff's proposed amendment is also futile for obvious merit-based reasons.**

If a proposed amended claim fails to state a claim upon which relief can be granted, the amendment is deemed futile and the district court should not allow it. *See SGK Props, LLC v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 945-945 (5th Cir. 2018).

1. Plaintiff's proposed defamation claim is time-barred.

"'Each distinct publication of a defamatory statement inflicts an independent injury from which a defamation cause of action may arise.'" *Deaver*, 483 S.W.3d at 676 (quoting *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 340 (Tex. App.—San Antonio 2000, pet. denied)). Accordingly, separate alleged defamatory statements "represent separate and independent defamation claims," each with its "own accrual date[]" for limitations purposes. *Deaver*, 483 S.W.3d at 676. In Texas, a defamation claim is subject to a one-year limitations period that accrues upon publication of the statement. *See id.* at 675; *Tex. Disposal Sys. Landfill, Inc. v. Waste Mgt Holdings, Inc.*, 219 S.W.3d 563, 586 (Tex. App.—Austin 2007), *aff'd*, 434 S.W.3d 142 (Tex. 2014) (citing Tex. Civ. Prac. &

Rem. Code § 16.002).[6] The Fifth Circuit has granted dismissal when a Rule 12(b)(6) analysis shows the claim is time-barred. *See, e.g.*, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 361 (5th Cir. 2003).

Here the alleged Houston-convention statements occurred in May 2018. *See* Dkt. 23 at p.8 & Exs. B, D.[7] Plaintiff seeks to state a claim based on those statements more than one year later. Accordingly, any claim based on the Houston statements would be time-barred as a matter of law. Nor could the amendment relate back to the Original Complaint. "'Texas law treats each alleged defamatory publication as a single transaction with an independent injury.'" *Schirle v. Sokudo USA, LLC*, 484 Fed. Appx. 893, 901 (5th Cir. 2012) (quoting *Tex. Disposal Sys.*, 219 S.W.3d at 587). A proposed defamation claim based on a distinct publication does not relate back to the original complaint, even where all the statements concern the same subject matter. *See Schirle*, 484 Fed. Appx. at 901 (refusing to allow "relation back" even though new alleged defamatory statements were "similar" to previously alleged statements); *see also Tex. Disposal Sys.*, 219 S.W.3d at 587 (finding statements did not relate back to original pleading even though it alleged other statements regarding same subject matter).

---

[6] The discovery rule might apply in some cases, but Plaintiff does not (and could not) plead it. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988) ("A party seeking to avail itself of the discovery rule must . . . plead the rule. . . ."). Defendant's Houston statements were made at a public convention. *See Schirle v. Sokudo USA*, 484 Fed. Appx. 893, 901-902 (5th Cir. 2012) (refusing to apply discovery rule to defamation where claims were not "inherently undiscoverable").

[7] While Plaintiff's proposed amended complaint does not expressly state the date of the Houston statements, the Court record shows the statements occurred in May 2018. Dkt. 23 at p.8. Even in deciding a Rule 12(b)(6) or Rule 12(c) motion, the court may consider the content of court filings. *See, e.g.*, *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (granting Rule 12(b)(6) motion on res-judicata grounds and noting, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Hall v. U.S.*, 2008 WL 1276397, at *3 (E.D. Tex. Jan. 30, 2008) ("[T]he Court may consider public records of prior court proceedings when evaluating an affirmative defense raised in a Rule 12(b)(6) motion to dismiss instead of the defendant's answer.").

### 2. Plaintiff's defamation claims fail to satisfy the Texas Defamation Mitigation Act.

"[T]o make out a successful defamation claim in Texas, a plaintiff must comply with the requirements of the Defamation Mitigation Act…." *Tubbs v. Nicol,* 675 Fed. Appx. 437, 439 (5th Cir. 2017) (citing Tex. Civ. Prac. & Rem. Code § 73.052). Under the DMA, "[a] person may maintain an action for defamation only if . . . the person has made a timely and sufficient request for correction, clarification, or retraction from the defendant." Tex. Civ. Prac. & Rem. Code § 73.055(a). Such a request must be made within one year of the relevant statement's publication. *Id.* § 73.055(b). The Fifth Circuit has held that failure to timely make the required demand requires dismissal of the defamation claim. *Tubbs*, 675 Fed. Appx. at 439-440 ("[B]ecause [plaintiff] failed to follow the requirements of the DMA, her defamation claim fails as a matter of law.").[8]

Plaintiff has not plead (and cannot plead) he satisfied the demand requirements of the DMA. Thus, amendment should be denied for this separate reason.

### C. Plaintiff's proposed amendment was unduly delayed.

Plaintiff is correct that this case is at relatively early stages. But Plaintiff's delay is still appropriately considered. "[I]n exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original

---

[8] Texas courts of appeal are split on the consequences of failing to make the required demand. *Compare Zoanni v. Hogan*, 555 S.W.3d 321, 328 (Tex. App.—Houston [1st Dist.] 2018, pet. filed) (dismissing defamation claim because "[t]he DMA is clear that one may maintain an action *only if* he sends a timely and sufficient request for correction, clarification, or retraction." (emphasis in original)), *with Warner Bros. Entertainment, Inc. v. Jones*, 538 S.W.3d 781, 813 (Tex. App.—Austin 2017, pet. granted) (holding limitation of damages is the proper remedy). The Fifth Circuit has correctly read the plain language of the DMA as requiring dismissal for failure to timely make the required demand. *See Tubbs*, 675 Fed. Appx. at 439.

complaint was filed." *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (upholding denial of amendment even though there was no trial date and discovery had just begun).

Combined with all the other circumstances, Plaintiff's delay should further tip the scales against amendment. As discussed above, the core of Plaintiff's lawsuit is AP's decision to not publish Plaintiff's book, and Plaintiff's proposed amended defamation claim remains intertwined with alleged defamatory statements over which there is undisputedly no jurisdiction. Plaintiff also waited until after Magistrate Judge Lane's R&R to seek amendment. In addition, it is only after AP's deposition testimony demolished Plaintiff's tortious-interference claim (*see* Dkt. 24, Ex. 1) that Plaintiff now seeks to base a claim on Defendant's allegedly defamatory statements occurring *after* AP's decision. In no way are Defendant's Houston statements a genuine part of Plaintiff's actual complaints, which concern AP's decision not to publish his book.

### D. There is no personal jurisdiction as to Plaintiff's tortious-interference claim.

As discussed in Defendant's Objections to the R&R (*see* Dkt. 27), Defendant submits that Plaintiff also has clearly failed to establish personal jurisdiction as to his tortious-interference claim. Dismissal of the tortious-interference claim would further weigh strongly against maintaining in Texas a single defamation claim based on the Houston statements.

None of this lawsuit should be litigated in Texas. But, even if the Court were to uphold the R&R's finding as to the tortious-interference claim (which the Court should not), Plaintiff's motion for leave to amend should still be denied for all the reasons discussed herein.

## IV. <u>CONCLUSION</u>

Defendant prays that the Court DENY Plaintiff's Motion for Leave (Dkt. 28).

Respectfully submitted,

REEVES & BRIGHTWELL LLP

*/s/ Ryan Pierce*
Beverly Reeves, Esq.
State Bar No. 16716500
breeves@reevesbrightwell.com
Ryan Pierce, Esq.
State Bar No. 24035413
rpierce@reevesbrightwell.com
221 W. 6th Street, Suite 1000
Austin, TX 78701
(512) 334-4500
(512) 334-4492 (facsimile)

Mark S. Zaid, Esq.
D.C. Bar #440532 (admitted *Pro Hac Vice*)
Mark@MarkZaid.com
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W., Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July 2019, the above and foregoing document was served using the Court's ECF system on the following counsel of record:

Daniel H. Byrne
Dale L. Roberts
Fritz, Byrne, Head & Gilstrap, PLLC
221 W. 6th St., Suite 960
Austin, TX 78701
dbyrne@fbhg.law
droberts@fbhg.law

*/s/ Ryan Pierce*
Ryan Pierce