IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CASE NO.: 1:18-CV-00800 | |
| § | | |
| MARK WAID, § | (Jury Demanded) | |
|    Defendant. § | | |

**REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR LEAVE TO FILE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Richard Meyer files this reply to Defendant's Response to Motion for Leave to file Plaintiff's First Amended Complaint [Dkt 35].

## I.  INTRODUCTION

1.  This Court is well aware of the strong bias under the federal rules in favor of granting Meyer leave to file Plaintiff's First Amended Complaint [Dkt. 23-1] (the "Amended Complaint). Waid struggles against the weight of that bias claiming that the amendment would be futile due to jurisdictional issues, limitations, and statutory requirements. But with each argument, Waid fails to meet his threshold. Waid first argues that there would be no jurisdiction for the amended claim arising from Waid's actions in Houston, despite the fact that Waid travelled to Texas and committed the intentional tort of defamation there. Then, Waid claims that the amendment would not relate back to Plaintiff's Original Complaint [Dkt. 1] (the "Original Complaint") even though the Amended Complaint is merely a clarification of factual allegations in the Original Complaint. Then, Waid disregards authority from three of the four federal district courts in Texas (seeking to reframe this motion for leave as a dispositive motion), arguing for

summary dismissal of the defamation claims under the Defamation Mitigation Act.  Waid's claim that the amendment was "unduly delayed" when Waid's own initial motion to dismiss has not even been finally determined is equally flawed.  This is not a close question – the case is young and filing the Amended Complaint is not futile.  Leave to file Plaintiff's First Amended Complaint should be granted, and Meyer's pending objection to the United States Magistrate Judge's Report and Recommendation should be sustained.

## II.   ARGUMENT AND AUTHORITIES

2.   Leave should be granted for Meyer to file his Amended Complaint.  Rule 15(a) "evinces a bias in favor of granting leave to amend" and "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party," leave to amend a pleading must be granted.  *Martin's Herends Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1995); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  No such reason exists here.

**A.   This Court has jurisdiction over all of Meyer's defamation claims.**

3.   Waid claims that filing the Amended Complaint would be futile due to alleged jurisdictional defects.  Waid is wrong.  Waid's jurisdictional objections to the Amended Complaint focus on Waid's feigned ignorance of the fact that Meyer was a Texas resident when Waid defamed Meyer.  But knowledge of Meyer's Texan citizenship is not required for this Court to assert jurisdiction over Waid for Waid's defamatory statements made in Texas to Texans, and this Court should exercise pendant jurisdiction over Waid's other defamatory statements.

4.   The Amended Complaint alleges that Waid committed an intentional tort, defamation, while he was in Texas.  Despite those allegations, Waid relies entirely on cases involving defendants who made defamatory statements or committed other intentional torts from

outside the forum state. That is a critical distinction. As the Fifth Circuit recently observed, "[i]n most cases, the defendant's commission of a tort while physically present in a state will readily confer specific jurisdiction." *Carmona v. Leo Ship Management, Incorporated*, 924 F.3d 190, 194 (5th Cir. 2019). As to that situation, the Fifth Circuit remarked, "We are aware of no example – and [the defendant] has cited none – in which a court lacked jurisdiction under those circumstances." *Id.*; *see also id.* ("Generally, the commission of an intentional tort in a forum state is a purposeful act that will satisfy the purposeful availment prong.")(internal quotations omitted).[1]

5. In this case, there is no question that Waid voluntarily attended, and participated as a celebrity panelist in a multi-day comic book convention in Houston, Texas. In response to a question from an audience member, Waid made defamatory remarks about Meyer. Amended Complaint, at ¶¶ 22, 24. Waid committed the intentional tort of defamation while in Texas, and this Court definitely has jurisdiction over Waid herein; the claims in the Amended Complaint are far from futile.

6. Waid's jurisdictional futility complaint regarding his other defamatory statements made through social media and elsewhere is a another red herring. Even if this Court would not otherwise have specific jurisdiction over those actions, this Court can, and should, exercise

---

[1] After finding minimum contact with the forum state through the defendant's employees' presence and alleged negligence in the state, the *Carmona v. Leo Ship Management* court examined whether the defendant's contact with the forum was purposeful. *See id.*, at 195-97. Because the defendant had notice that its employees would travel to the forum state, the defendant's contacts were purposeful and the district court had personal jurisdiction over the defendant. *See id.*, at 197.

The *Carmona* court's analysis follows previous decisions by the Fifth Circuit and this Court looking to the defendant's actions directed at the forum state to determine whether jurisdiction existed. *See Trois v. Apple Tree Auction Center, Inc.*, 882 F.3d 485, 489 (5th Cir. 2018) (finding that personal jurisdiction exists when the defendant intentionally reaches out to a forum "arise from, or are directly related to, the cause of action"); *OfficeVP LLC v. Ideal Health Inc.*, No. A-11-CV-741-LY, 20112 WL 787041, at *6 (W.D. Tex. March 6, 2012) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.") (internal quotations omitted).

**REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                                                 Page 3

pendant jurisdiction over them. "Pendent personal jurisdiction exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *Halcyon Biomedical Inc. v. Glatt Air Techniques, Inc.*, No. H-19-690, 2019 WL 2420232, at *7 (N.D. Tex. June 10, 2019). The exercise of pendant jurisdiction promotes judicial economy and prevents piecemeal litigation. *See Canyon Furniture Co., v. Rueda Sanchez*, No. SA-18-CV-18-00753-OLG, 2018 WL 6265041, at *13 (W.D. Tex. Nov. 8, 2018). It is appropriate for a court exercise pendant jurisdiction when the claims over which the court has personal jurisdiction share a common nucleus of operative fact with the claims the court does not have jurisdiction. *See id.*

7.  Waid's defamatory statements online and in Houston arise from a common nucleus of operative fact. The backdrop underlying Waid's defamatory statement, Meyer's production of videos on YouTube that criticized the work and politicization of comic books produced by authors such as Waid, and Waid's vitriolic response, are the same. Moreover, the content of the defamatory statements center on the same subject matter – that Meyer is allegedly a racist and misogynist who encouraged his followers to harass comic book employees. The minor fact that Waid made some of these statements behind a computer, instead of behind a panel-discussion table at a comic book convention in Texas, does not differentiate Meyer's claims such that these nearly identical claims should be split between Texas and California. To the contrary, this Court should exercise pendant jurisdiction over all of Meyer's defamation claims to prevent waste of judicial resources and promote judicial economy. Granting leave to file the Amended Complaint does not sanction the filing of futile claims.

**B.   Claims based on Waid's defamatory remarks in Houston are not barred by limitations.**

8.   Waid's next effort to avoid dealing with the merits of the Amended Complaint by opposing its very filing is to incorrectly claim that the its clarification of Meyer's defamation allegations is barred by limitations.  It is not.  Meyer's claims against Waid arising from Waid's actions in Houston relate back to the allegations in the Original Complaint and are not barred by limitations as a result.

9.   Rule 15(c)(1) states in pertinent part, "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading."  FED. R. CIV. PROC. 15(c)(1)(B).  In making that determination, "the focus is not the caption given a particular cause of action, but the underlying facts upon which the cause of action is based."  *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 342 (5th Cir. 2005).  The rule's threshold is met if the initial complaint gives the defendant fair notice of the factual allegation out of which the claim arises.  *See id.*; *see also Chauvin v. National Gypsum Service State of La.*, No. 13–5781, 2014 WL 3589520, at *4-5 (E.D. La. July 21, 2014) (finding that defamation claim related back to the plaintiff's original complaint where it was based on the same factual allegations as other causes of action).

10.   Here, the factual allegations have always referenced Waid's actions at a comic book convention, which undisputedly happened in Texas.  The Original Complaint alleged:

> In the meantime, Waid has described [his tortious interference] *in interviews and on comic convention panels*.  Waid has falsely stated that Meyer published a list of comic book stores, with the first and last name of the comic book stores' employees, in response to the stores' decision to not carry JAWBREAKERS.  In doing so, Waid suggested that Meyer was encouraging his followers to harass or threaten the comic book stores' employees.  By repeating this false allegation, Waid further alienated Meyer from comic book stores and fans at large in the industry.

Original Complaint, at ¶ 22 (emphasis added). Meyer's evidence (which is not disputed by Waid) submitted with his Response to Waid's Motion to Dismiss for Lack of Jurisdiction [Dkt. 23] showed that Waid made the defamatory statements while participating in a comic book convention panel in Houston, Texas. *See* Response to Motion to Dismiss, at ¶¶ 13, 22. In an abundance of caution, Meyer seeks to file the Amended Complaint to clarify that he is complaining of Waid's statements in Houston. *See id.* at ¶¶ 22, 24. Just as in the Original Complaint, the Amended Complaint specifically recounts Waid falsely claiming that Meyer distributed a list of employees, along with their phone numbers, of comic book stores that were not going to carry Meyer's comic book. And Waid admitted in his deposition that he "[a]bsolutely" intended to give the impression that Waid was encouraging his followers to harass the stores and their employees. *See id.*, at n. 1. These are the same allegations that were included in the Original Complaint with the addition of a more specific description of the location and time when they occurred. Meyer's claims arising from Waid's actions in Houston are based on the same facts alleged in the Original Complaint and therefore relate back to the original filing in this case.

**C.   The Defamation Mitigation Act does not require dismissal of Meyer's defamation claims and is not a reason to deny leave to amend.**

11.   Waid believes he knows better than several federal judges in Texas. Contrary to Waid's assertion that a failure to request a retraction should result in dismissal under the Texas Defamation Mitigation Act (the "DMA"), several district courts in Texas have held otherwise. Relying on decisions from the Texas courts of appeal in Austin and Dallas, these courts have concluded that the sole consequence of failing to send a DMA retraction request is the preclusion of exemplary damages – not dismissal. *See, e.g., Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d

983, 1018 (S.D. Tex. 2018), *citing Warner Bros. Entm't v. Jones*, 538 S.W.3d 781, 812 (Tex. App.—Austin 2017, pet. filed), *and Hardy v. Commc'n Workers of Am. Local 6216*, 536 S.W.3d 38 (Tex. App.—Dallas 2017, pet. denied). Other district courts in Texas have held similarly. *See Butowsky v. Folkenflik*, No. 4:18CV442, 2019 WL2518833, at *44-48(E.D. Tex. April 17, 2019) (collecting cases). These courts have all held that the Fifth Circuit in *Tubs v. Nicol*, relied upon by Waid, did not review the entirety of the statute including provisions relating to abatement and the preclusion of exemplary damages in the DMA. *See id.* The courts reasoned that such provisions would be rendered meaningless because they would be unnecessary if the dismissal were the proper remedy for a failure to comply with the DMA. *Id.*

12.  This Court should reach the same conclusion. Even if the DMA applied to this case,[2] the only consequence is that Meyer would be precluded from recovering exemplary damages. That is the consequence provided by the statute. *See* TEX. CIV. PRAC. & REM. CODE § 73.055 ("If not later than the 90th day after receiving knowledge of the publication, the person does not request a correction, clarification, or retraction, the person may not recover exemplary damages."). Consequently, the DMA does not provide a justification for denying Meyer leave to file the Amended Petition.

**D.   The amendment was not unduly delayed and this case should remain in Texas.**

13.   Waid's assertion that Meyer's proposed amendment was unduly delayed is groundless. Due to Waid's motion to dismiss, which the United States Magistrate Judge recommended be denied in part, this case has not even begun. The parties have not engaged in

---

[2]  The DMA should not apply in this matter, because it is wholly procedural and therefore not applicable in federal diversity cases. *Cf.*, *Passmore v. Baylor Health Care System*, 823 F.3d 292, 296-98 (5th Cir. 2016) (holding that statute requiring expert report in medical malpractice case within 120 days of filing suit was procedural, conflicted with the federal rules, and inapplicable in federal court diversity cases as a result). None of the cases cited above have examined whether the DMA is procedural or substantive Texas law.

any discovery on the merits, and it is clear that Waid is contemplating additional motions to dismiss on various grounds. *See, e.g.,* Unopposed Motion for Extension of Deadline to File TCPA Motion [Dkt. 14]. Since the Original Complaint alleged that Waid made defamatory statements at comic book conventions and the Amended Complaint merely provides more details as to when and where that occurred, Waid cannot show any prejudice caused by granting leave to amend. Leave should be granted.

14. Since Meyer has established specific jurisdiction over at least his tortious interference and defamation claims arising from Waid's actions in Houston, Texas, Meyer should have the choice of his forum. The Court should decline to transfer this matter to any other court.[3]

## CONCLUSION AND PRAYER

Based on the foregoing, Plaintiff Richard Meyer respectfully requests that this Court grant leave for Meyer to file Plaintiff's First Amended Complaint and grant him such other relief to which he is entitled.

---

[3] Waid also urges the Court to transfer the tortious interference claims and any defamation claims to California if the Court determines that it has jurisdiction over them. The exact opposite is true. If this Court concludes that it has jurisdiction over *any* of Meyer's claims, this Court should exercise pendant jurisdiction over any claims over which the Court would not otherwise have specific jurisdiction. The same arguments expressed in paragraph nos. 6-7, *supra*, apply to any claims over which the Court concludes that it might not otherwise have specific jurisdiction.

**REPLY TO RESPONSE TO MOTION FOR LEAVE TO FILE**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                                                 **Page 8**

Respectfully submitted,

FRITZ, BYRNE, HEAD & GILSTRAP, PLLC
221 West Sixth Street, Suite 960
Austin, Texas 78701
Telephone:  (512) 476-2020
Telecopy:   (512) 477-5267

BY:    /s/ Daniel H. Byrne
       Daniel H. Byrne
       State Bar No. 03565600
       Email: dbyrne@fbhg.law
       Dale L. Roberts
       State Bar No. 24001123
       Email: droberts@fbhg.law

ATTORNEYS FOR PLAINTIFF RICHARD MEYER

## CERTIFICATE OF SERVICE

I certify that this document was served on the counsel of record listed below using the Court's ECF system on July 23, 2019:

Beverly Reeves
breeves@reevesbrightwell.com
Ryan Pierce
rpierce@reevesbrightwell.com
Reeves & Brightwell, LLP
221 West Sixth Street, Suite 1000
Austin, Texas

Mark S. Zaid
mark@markzaid.com
Mark S. Zaid, P.C.
1250 Connecticut Avenue, Northwest, Suite 700
Washington, D.C. 20036

/s/ Daniel H. Byrne
Daniel H. Byrne