UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 1:18-CV-00800-LY |
| v. | § | |
| | § | |
| MARK WAID, | § | |
| | § | |
| Defendant. | § | |

## UNOPPOSED MOTION FOR CONFIRMATION OF THE DEADLINE TO FILE TCPA MOTION

Defendant Mark Waid files this Unopposed Motion for Confirmation of the Deadline to File TCPA Motion, and in support thereof shows as follows:

1. Defendant Mark Waid ("Defendant") filed a Motion to Dismiss for Lack of Personal Jurisdiction on Nov. 2, 2018. Defendant's position is that this lawsuit should be dismissed because the Court does not have personal jurisdiction over him. Plaintiff contests Defendant's jurisdictional position.

2. The Texas Citizens Participation Act ("TCPA") sets out a deadline for a TCPA motion. *See* Tex. Civ. Prac. & Rem. Code § 27.003 (motion must be filed not later than on the 60th day after the date of service of the action). Defendant believes he would have a valid motion under the TCPA, if it was found that the Court does have personal jurisdiction over him. *See id*. §§ 27.001 et seq.

3. As a result, Defendant previously filed an unopposed motion to extend the time for filing a motion under the TCPA. The Court granted Defendant's motion to extend the deadline to file TCPA motion on November 27, 2018 (Dkt. 15), and ordered that Defendant's TCPA motion

would be due within 14 days of the Court's order denying in whole or in part the motion to dismiss for lack of personal jurisdiction.

4. On July 24, 2019, the Court dismissed without prejudice Defendant's motion to dismiss for lack of personal jurisdiction (Dkt. 39) to allow Plaintiff to file his amended complaint. In dismissing Defendant's motion to dismiss without prejudice, the Court noted that Defendant may file a motion to dismiss upon considering Plaintiff's First Amended Complaint. Such a motion is currently due on or before August 7, 2019.

5. Because the Court did not rule on the jurisdictional issues, Defendant's view is that the Court's previous extension order regarding the TCPA (Dkt. 15) remains in effect. However, out of an abundance of caution Defendant submits this motion confirming that the extension remains in place.

6. Because Defendant's position is that the Court lacks personal jurisdiction, Defendant believes the more efficient approach is to confirm the extension of the deadline for any TCPA motion to 14 days after an order by the Court deciding the Defendant's jurisdictional motion (i.e., denying in whole or in part the motion) aimed at the First Amended Complaint. If the Court dismisses for lack of jurisdiction, the parties would not need to engage in the expense of motion practice under the TCPA; if the Court finds there is jurisdiction, the issue of the TCPA could then be raised and addressed.

7. Because Defendant's view is that personal jurisdiction does not exist as to the First Amended Complaint either, Defendant plans to file a Motion to Dismiss the First Amended Complaint. Because of Defendant's plans to urge a jurisdictional challenge, good cause remains for the extension of any TCPA deadline.

**CERTIFICATE OF CONFERENCE**

Undersigned counsel for Defendant has conferred with Plaintiff's counsel, and Plaintiff does not oppose Defendant's request for confirmation of his deadline to file any TCPA motion as sought in this motion. Plaintiff, however, preserves all other defenses and arguments in response to any TCPA motion.

**PRAYER**

Defendant's position is that the Court lacks personal jurisdiction over him. For that reason, Defendant requests that the Court confirm that the deadline to file any motion under the TCPA is 14 days after an order by the Court denying (in whole or in part) Defendant's upcoming Motion to Dismiss First Amended Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court sign the attached order confirming the deadline for filing his TCPA motion as requested herein.

Respectfully submitted,

REEVES & BRIGHTWELL LLP

*/s/ Ryan Pierce*
Beverly Reeves
State Bar No. 16716500
breeves@reevesbrightwell.com
Ryan Pierce
State Bar No. 24035413
rpierce@reevesbrightwell.com
221 W. 6th Street, Suite 1000
Austin, TX 78701-3410
512.334.4500 Telephone
512.334.4492 Facsimile

Mark S. Zaid, Esq.  
D.C. Bar #440532 (admitted *Pro Hac Vice*)  
Mark@MarkZaid.com  
Mark S. Zaid, P.C.  
1250 Connecticut Ave., N.W., Suite 700  
Washington, D.C. 20036  
(202) 454-2809  
(202) 330-5610 fax  

**ATTORNEYS FOR DEFENDANT MARK WAID**

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2019, a true and correct copy of the foregoing document was sent via CM/ECF electronic filing to the following:

Daniel H. Byrne  
Dale L. Roberts  
Fritz, Byrne, Head & Gilstrap, PLLC  
221 W. 6th Street, Suite 960  
Austin, TX 78701  
dbyrne@fbhg.law  
droberts@fbhg.law  

*/s/ Ryan Pierce*  
Ryan Pierce