IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:18-cv-00800-LY |
| | § | |
| MARK WAID, | § | |
|     Defendant | § | |

**DEFENDANT MARK WAID'S OBJECTIONS & RESPONSES
TO RICHARD MEYER'S FIRST SET OF INTERROGATORIES**

TO:   Plaintiff, by and through his attorney of record, Daniel H. Byrne, Dale L. Roberts, Fritz, Byrne, Head & Gilstrap, PLLC, 221 W. 6th St., Suite 960, Austin, TX 78701

Pursuant to the Federal Rules of Civil Procedure, Defendant Mark Waid ("Defendant" or "Waid") serves these objections and responses to Richard Meyer's First Set of Interrogatories to Mark Waid.

Respectfully submitted,

REEVES & BRIGHTWELL LLP

_/s/ Beverly Reeves_
Beverly Reeves, Esq.
State Bar No. 16716500
breeves@reevesbrightwell.com
Ryan Pierce, Esq.
State Bar No. 24035413
rpierce@reevesbrightwell.com
221 W. 6th Street, Suite 1000
Austin, TX  78701
(512) 334-4500
(512) 334-4492 (facsimile)

1

        Mark S. Zaid, Esq.
        D.C. Bar #440532 (admitted *Pro Hac Vice*)
        Mark@MarkZaid.com
        Mark S. Zaid, P.C.
        1250 Connecticut Ave., N.W., Suite 700
        Washington, D.C. 20036
        (202) 454-2809
        (202) 330-5610 fax

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that on January 15, 2019 the above and foregoing document was served via electronic mail and hand delivery on the following counsel of record:

        Daniel H. Byrne
        Dale L. Roberts
        Fritz, Byrne, Head & Gilstrap, PLLC
        221 W. 6th St., Suite 960
        Austin, TX 78701
        dbyrne@fbhg.law
        droberts@fbhg.law

        _____
        Ryan Pierce

## **INITIAL OBJECTIONS**

1. Defendant responds to Plaintiff's discovery requests, subject to and without waiver of Defendant's pending challenge to personal jurisdiction. Defendant has not yet completed either discovery or an investigation of the facts and documents relating to this action. Defendant reserves the right to revise, supplement, or clarify his responses to these requests as may be necessary.

2. These responses are made without in any way waiving:

   a. Any objections as to the relevancy, materiality, and admissibility as evidence for any purpose in this action or any other action;

   b. The right to object to the use of any of these responses in this action or any other action; and

   c. The right to elicit appropriate evidence, beyond the discovery responses themselves, regarding the subjects referred to in or in response to any discovery request.

3. Defendant responds to these requests as specifically provided in the Federal Rules of Civil Procedure. To the extent that Plaintiff seeks to impose on the Defendant any requirements to answer in any other manner, or on behalf of any other persons or entities, Defendant objects to the requests as being outside the scope of discovery permitted by the Federal Rules of Civil Procedure. Defendant further objects to the extent the requests are inconsistent with the Court's November 29, 2018 order.

4. Defendant objects to the extent that any interrogatory seeks information that is protected from discovery by the attorney-client, work-product, or any other privilege.

5. Defendant additionally objects to the extent the interrogatories seek confidential and/or proprietary information without entry of an appropriate protective order or confidentiality agreement. For example, Defendant objects to the extent the interrogatories would require divulging private confidential communications identifying the person, or his or her contact or identifying information, without entry of a protective order or confidentiality agreement, particularly in light of the history of harassment that has occurred in connection with this matter.

3

## OBJECTIONS & RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each instance in which you have traveled to the state of Texas in the last two years, by stating: (1) the date(s) and length of time for each instance; (2) the location(s) within Texas to which you traveled; (3) the purpose of the travel; (4) the persons with whom you interacted; and (5) a description of any presentations, panel discussions, or other public appearances by You while in Texas, including the reason for the appearance and the subject matter addressed.

> **RESPONSE**: Defendant objects to this interrogatory as overbroad and outside the permissible scope of the Court's November 29, 2018 Order on the basis that its request regarding interactions, presentations, discussions, and appearances reaches beyond any relationship to Meyer and presents an undue burden (e.g., asking him to identify each person with whom Defendant interacted).
>
> Subject to and without waiving Defendant's initial objections, Defendant responds as follows: I visited Texas once in the last two years. I flew to Houston on May 23, 2018, for a store signing at Bedrock Comics, where I interacted with the store owner and a publicist. I also "interacted" with an estimated 300 fans. On May 24, 2018, I relaxed in my hotel room and visited with friends for dinner. On May 25-27, 2018, I was a guest at the three-day Comicpalooza convention. I signed at a designated table for a couple of hours each day, "interacting" with hundreds of fans who wanted autographs. At these signings, the "interactions" with my fans seeking autographs were brief, mostly just comments like "thank you," or "Do you want this personalized?" I recall doing three panels: a Superman panel on May 25, 2018, at noon, a "Q&A" session on May 26, 2018, at 10:30am, and I moderated a panel about writing for various publishers on the same date at 1:30pm. The Q&A session for the second panel involved a brief discussion on the subject of Comicsgate and the Plaintiff (as previously identified in my supplemental declaration). On May 27, 2018, I departed Houston.

**INTERROGATORY NO. 2**: Identify every communication concerning Waid [sic] with any person whom you believed to be, or now know [sic] to have been, a resident of, or located in, Texas at the time of such communication by state: (1) the date of the communication; (2) the persons involved in the communication; (3) the means of communication (e.g., phone, email, in-person conversation, text message, etc.) and (4) the substance of the communication.

> **RESPONSE**: Defendant objects to this interrogatory as vague and ambiguous in its reference to "Waid." Defendant assumes Plaintiff meant to state "Meyer." Defendant objects to this request to the extent that it seeks information and/or materials protected by the attorney-client privilege and attorney work product doctrine (including any communications with Texas litigation counsel, communications with whom are protected by the attorney client privilege and work product doctrine). Defendant also objects to the extent the interrogatory seeks disclosure of confidential private communications and personal identifying information, which would be provided only under redactions or with entry of an agreeable protective order or confidentiality order. Defendant further objects

4