IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.: 1:18-CV-00800 |
| | § | |
| MARK WAID, | § | (Jury Demanded) |
|    Defendant. | § | |

**<u>PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Plaintiff Richard Meyer files this Objection to the Magistrate Judge's Report and Recommendation regarding Defendant Mark Waid's Motion to Dismiss the First Amended Complaint.

## I.    INTRODUCTION

1.    This Court referred Defendant's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (the "Motion") [Dkt. 47] to the United States Magistrate Judge Mark Lane.  On January 14, 2020, Judge Lane issued his Report and Recommendation (the "Report") [Dkt. 51].  In the Report, Judge Lane concluded that this Court should deny in part, and grant in part, the Motion.  Specifically, the Report correctly recommends that the Motion should be denied as to Meyer's claims for tortious interference with contract and for Meyer's claim for defamation arising from Waid's actions at a Houston, Texas comic convention (the "Houston Defamation Claims").  But the Report incorrectly recommends the Motion be granted with respect to Meyer's other claims for defamation(the "Outside Houston Defamation Claims").  In doing so, the Report overlooks the fact that Outside Houston Defamation Claims involve Waid making the same

statements as the Houston Defamation Claims.  Meyer respectfully objects to the recommendation that the Outside Houston Defamation Claims be dismissed.

## II.     ARGUMENT AND AUTHORITIES

2. If a party timely objects to the magistrate judge's recommendations or findings, the district court must determine *de novo* any part of the objectionable portions of the recommendations or findings.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).  The district court may then accept, reject, or modify the recommendations or findings, in whole or in part.  28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3).

3. As this Court knows, Meyer is only required to provide a "short and plain statement of the claim showing that [Meyer] is entitled to relief" and a demand for the relief sought in his Complaint.  *See* FED. R. CIV. P. 8(a).  When considering a challenge to personal jurisdiction, the Court should consider the entirety of the Complaint along with the evidence presented in response to the jurisdictional challenge and resolve any factual disputes in favor of the non-movant.  *See WithdrawalEase.com v. Withdrawalaid.com*, Cause No. 1:14-CV-878-LY, 2014 WL 1247940, at *2 (W.D. Tex. Dec. 18, 2014).

4. Waid's primary contention is that there is no evidence that he knew Meyer resided in Texas and Waid cites his own, self-serving declaration as proof.  But there is no reason to believe this testimony any more than there was to give credence to Waid's original, *and false*, sworn testimony that he did not know Antarctic Press was located in Texas and had not made any defamatory remarks about Meyer in Texas.  Waid was forced to recant that testimony after a recording of Waid's May 26, 2018 remarks in Houston emerged.  *See* Response to Motion to Dismiss First Amended Complaint  ("Response") [Dkt. 44], ¶ 16.  In his deposition, Waid could not explain how or when he became aware, as the recording made clear, that Waid knew Antarctic

**OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**                                                                                    **Page 2**

Press was based in Texas only two weeks after the call with Antarctic Press. *See id.* Likewise, Waid provided no explanation for how or why he forgot that information five months later when Antarctic Press's location became a jurisdictional fact. Waid's self-professed lack of knowledge is not credible. Waid's self-serving testimony that he did not know Meyer resided in Texas should not be given any weight. This Court has jurisdiction over the Outside Houston Defamation Claims.

5. Even if this Court would not otherwise have specific jurisdiction over those actions, this Court can, and should, exercise pendent jurisdiction over them, a point which the Report brushes off without examination of more current authorities cited by this Court and others exercising pendent jurisdiction. Citing multiple cases from courts within the Fifth Circuit and elsewhere, this Court has observed that "[a]lthough the Fifth Circuit has not yet expressly ruled on pendent personal jurisdiction, other circuits to consider the issue have uniformly approved the doctrine." *Brown v. Harris*, No. A-11-CA-683-LY, 2011 WL 13235052, at *6 (Tex. W.D. Sept. 20, 2011) ("*Brown I*") ; *see also Brown v. Harris*, 2012 WL 13033974 (adopting *Brown I* report and recommendation). In *Brown I*, this Court exercised jurisdiction over claims for which there was no argument other than pendent personal jurisdiction. *See id.*, at *6.

6. "[P]endent personal jurisdiction exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *Id.* (internal quotations omitted); *see also Halcyon Biomedical Inc. v. Glatt Air Techniques, Inc.*, No. H-19-690, 2019 WL 2420232, at *7 (N.D. Tex. June 10, 2019). The exercise of pendent jurisdiction promotes judicial economy and prevents piecemeal litigation.

*See Canyon Furniture Co., v. Rueda Sanchez*, No. SA-18-CV-18-00753-OLG, 2018 WL 6265041, at *13 (W.D. Tex. Nov. 8, 2018).  It is appropriate for a court exercise pendent jurisdiction when the claims over which the court has personal jurisdiction share a common nucleus of operative fact with the claims the court does not have jurisdiction. *See id.*; *see also CS Identity Corp. v. New Equity Prod. Co.*, No. 1:18-CV-00870-RP, 2019 WL 3884158, at *4 (W.D. Tex. Aug. 19, 2019) (exercising pendent personal jurisdiction over claims for which the court would not have an independent basis for personal jurisdiction).

7.  Whether the particular instance occurred in Houston, Texas or elsewhere, Meyer's defamation claim are based on the same defamatory statements by Waid – that Meyer is a racist, a homophobe, and a sexist, who encourages his followers to harass the objects of Meyer's supposed hatred.  In Houston, Waid paraphrased his telephone call with Antarctic Press saying, "These guys are . . . indefensible human beings.. . . they harass women, they harass minorities, they harass LGBTQ people, um, they're full of hate." *See* Response,  ¶ 11.  Waid also repeated his false claim that Meyer had compiled a list of the names and phone numbers of employees who worked at comic book stores that were not going to carry Meyer's comic book and encouraged Meyer's followers to harass them.  *Id.*  Waid had made the latter claim in a Facebook post on the day of his phone call with Antarctic Press and in an interview two days later.  *See id.*, ¶¶ 5, 9.

8.  Waid made the same defamatory remarks that he made in Houston, Texas (i.e., that Meyer is a racist, sexist, LGBTQ-hater, who harasses comic book employees) to Antarctic Press, online, and to the media.  Neither the courts nor Meyer should be burdened with a separate lawsuit that will entail the same evidence of Waid defaming Meyer outside of Houston.  Waid made the same defamatory statements when he encouraged Antarctic Press to breach its contract with Meyer and when Waid defamed Meyer at the Houston comic convention.  The Report correctly concludes that this Court has jurisdiction over Meyer's claims for tortious interference with contract and for the

Houston Defamation Claims. This Court should not require piecemeal litigation of Waid's repetition of the same statements and should exercise pendent personal jurisdiction over the Outside Houston Defamation Claims if personal jurisdiction does not appear obvious to the Court.

### III. CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff Richard Meyer respectfully requests that the Court reject the Report's recommendation that Meyer's defamation claim for statements made online and elsewhere outside of Houston, Texas, be dismissed, adopt the Report as to Meyer's tortious interference with contract and Houston Defamation Claims, deny Defendant's Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction in its entirety, and grant Meyer such other and further relief to which he is justly entitled.

    Respectfully submitted,

    FRITZ, BYRNE, HEAD & GILSTRAP, PLLC
    221 West Sixth Street, Suite 960
    Austin, Texas 78701
    Telephone:  (512) 476-2020
    Telecopy:   (512) 477-5267

BY:    /s/ Daniel H. Byrne
    Daniel H. Byrne
    State Bar No. 03565600
    Email: dbyrne@fbhg.law
    Dale L. Roberts
    State Bar No. 24001123
    Email: droberts@fbhg.law

ATTORNEYS FOR PLAINTIFF RICHARD MEYER

## **CERTIFICATE OF SERVICE**

I certify that this document was served on the counsel of record listed below using the Court's ECF system on January 27, 2020:

Beverly Reeves
breeves@reevesbrightwell.com
Ryan Pierce
rpierce@reevesbrightwell.com
Reeves & Brightwell, LLP
221 West Sixth Street, Suite 1000
Austin, Texas

Mark S. Zaid
mark@markzaid.com
Mark S. Zaid, P.C.
1250 Connecticut Avenue, Northwest, Suite 700
Washington, D.C. 20036

/s/ Daniel H. Byrne
Daniel H. Byrne