IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2020 JAN 29 AM 9:59

| | | |
|---|---|---|
| RICHARD MEYER, § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | CAUSE NO. A-18-CV-0800-LY | |
| § | | |
| MARK WAID, § | | |
| DEFENDANT. § | | |
| § | | |

## ORDER ON REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered tort action based on diversity jurisdiction. The court referred Defendant Mark Waid's Motion to Dismiss for Lack of Personal Jurisdiction filed August 7, 2019 (Clerk's Document No. 43), Plaintiff Richard Meyer's response filed August 21, 2019 (Clerk's Document No. 44), and Waid's reply filed August 28, 2019 (Clerk's Document No. 46) to the United States Magistrate Judge for report and recommendation (Clerk's Document No. 47). *See* 28 U.S.C. § 636(b)(1).

Before the court is the Report and Recommendation of the United States Magistrate Judge filed January 13, 2020 (Clerk's Document No. 51). The magistrate judge recommends that the court grant Waid's motion in part and dismiss without prejudice Meyer's defamation claims based on Waid's social media posts for lack of jurisdiction, and, in all other respects, deny Waid's motion.

A party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation and thereby secure *de novo* review by the district court. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party,

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The record reflects that the parties received the report and recommendation on January 13, 2020, and objections if any, were due to be filed on or before January 27, 2020. Waid filed objections on January 24, 2020 (Clerk's Document No. 52) and Meyer filed objections on January 27, 2020 (Clerk's Document No. 53).

In light of the objections, the court has undertaken a *de novo* review of the entire case file. Having considered the motion, response, reply, objections, the case file, and the applicable law, the court will accept and adopt the report and recommendation for substantially the reasons stated therein.

**IT IS ORDERED** that Meyer's and Waid's objections to the report and recommendation (Clerk's Document Nos. 52 & 53) are **OVERRULED**.

**IT IS FURTHER ORDERED** that for substantially the reasons stated therein the Report and Recommendation of the United States Magistrate Judge (Clerk's Document No. 51) is **ACCEPTED AND ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Defendant Mark Waid's Motion to Dismiss for Lack of Personal Jurisdiction filed August 7, 2019 (Clerk's Document No. 43) is **GRANTED IN PART** and to the extent that Meyer's social-media-defamation claims are **DISMISSED FOR LACK OF JURISDICTION**. In all other respects Waid's motion is **DENIED**.

The claims remaining in this action are Meyer's claims of tortious interference with a contract and Meyer's defamation claims arising from Waid's statements made at a comic convention in Houston, Texas.

SIGNED this 29th day of January, 2020.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE