IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD MEYER, § | | |
|    Plaintiff § | | |
| § | | |
| v. § | Case No. 1:18-cv-00800-LY | |
| § | | |
| MARK WAID, § | | |
|    Defendant § | | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Mark Waid ("Waid" or "Defendant"), through his undersigned counsel, and subject to his challenge and objections to personal jurisdiction, answers the Amended Complaint filed by Plaintiff Richard Meyer ("Meyer" or "Plaintiff"), as follows:

### I. THE PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Amended Complaint and therefore denies the allegations.

2. The allegations of paragraph 2 of the Amended Complaint are admitted.

### II. JURISDICTION AND VENUE

3. While paragraph 3 of the Amended Complaint contains legal conclusions to which no response is required, Defendant denies that the Court has jurisdiction over him. The Court lacks personal jurisdiction over Defendant as to each of the Plaintiff's claims.

4. While paragraph 4 of the Amended Complaint contains legal conclusions to which no response is required, Defendant denies that venue is proper.

### III. FACTUAL BACKGROUND[1]

5. Defendant states that the mentioned books speak for themselves. Otherwise Defendant responds that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Amended Complaint and therefore denies the allegations.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Amended Complaint and therefore denies the allegations.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Amended Complaint and therefore denies the allegations.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Amended Complaint and therefore denies the allegations.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Amended Complaint and therefore denies the allegations.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Amended Complaint and therefore denies the allegations.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the first sentence in paragraph 11 and therefore denies the allegations therein. As to the second sentence and fourth sentence in paragraph 11, Defendant admits he has spent decades working in the comics industry, but lacks knowledge or information sufficient to form a belief about the truth

---

[1] To the extent any response is required to the headings in Plaintiff's Amended Complaint, Defendant denies the allegations in the headings.

of the remaining allegations, given Plaintiff's vague characterizations.  Defendant admits that he works on comic books published by Marvel and therefore admits the third sentence. Defendant admits that he has thousands of friends on Facebook and has had various times almost 100,000 Twitter followers, but otherwise denies the allegations in that sentence.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth sentence of paragraph 11 and therefore denies.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 11, given their vagueness, and therefore denies the allegations.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Amended Complaint and therefore denies the allegations, though Defendant notes, with regard to the first sentence in that paragraph, Plaintiff's own conduct belies the allegations.

13. Defendant admits that he has been critical of Plaintiff at various times, but Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the allegations, though Defendant notes that such characterizations as alleged by Plaintiff are supported by Plaintiff's own words and conduct.[2]

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the allegations.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Amended Complaint and therefore denies the allegations.

---

[2] Defendant denies the allegation of "Waid's Interference with Antarctic Press" set out in the heading at "C" in the Amended Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 16 of the Amended Complaint and therefore denies. Defendant denies the remaining allegations in paragraph 16 of the Amended Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Amended Complaint and therefore denies the allegations.

18. Defendant admits that he tweeted to his followers regarding Antarctic Press but denies the allegation that he did so "to interfere with the impending publication of Meyer's book" and states that any tweet speaks for itself. Defendant denies the remaining allegations in paragraph 18 of the Amended Complaint.

19. Defendant admits that he spoke by phone with someone identified as being with Antarctic Press, but Defendant otherwise denies the allegations in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations regarding "interference with Meyer's contract." Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Amended Complaint and therefore denies the allegations.

21. Defendant denies the allegation of "due to Waid's interference," the allegation of "[a]s a result of Waid's actions," and the allegation of "a direct result of Waid's interference with Meyer's contract with Antarctic Press and false statements." Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Amended Complaint and therefore denies them.[3]

---

[3] Defendant denies the allegation contained in heading "D" of the Amended Complaint.

22. Defendant admits that he participated in a question-and-answer session with a panel of comic book creators in Houston, Texas where he spoke about Plaintiff. Defendant also responds that the valid recording of what was said speaks for itself. Defendant otherwise denies the remaining allegations in paragraph 22.

### IV. CAUSES OF ACTION

23. Defendant denies the allegations in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations in paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations in paragraph 26 of the Amended Complaint.

### V. JURY DEMAND

27. Defendant relies on Plaintiff's request for a jury trial on all issues so triable.

### VI. RELIEF REQUESTED AND PRAYER

28. No response is required to the items of relief requested or to the prayer; to the extent any response is required, Defendant denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Mark Waid requests that Plaintiff Richard Meyer take nothing, that the Court dismiss Plaintiff's claims with prejudice and enter final judgment in Defendant's favor, that Defendant be awarded his costs of suit including attorneys' fees, and that Defendant be awarded such other and further relief as the Court deems just and proper.

### **AFFIRMATIVE AND OTHER DEFENSES**

By alleging the defenses below, Defendant Mark Waid does not thereby allege or admit that he bears the burden of proof with respect to any such matters.

1. This Court lacks personal jurisdiction over Defendant. Defendant incorporates his

motion to dismiss the first amended complaint, as well as Defendant's objections to the Magistrate's Report and Recommendation.

2.      Plaintiff has failed to state a claim upon which relief may be granted.

3.      Plaintiff's tortious-interference claim is barred for lack of any valid contract and, separately, for lack of any breach of contract. In the further alternative, any breach was of Antarctic Press's own volition and not induced by Defendant.

4.      Plaintiff cannot establish damages and therefore his claims are barred.

5.      Plaintiff's claims are barred because no conduct attributable to Defendant was the cause in fact or proximate cause of the injuries alleged by Plaintiff.

6.      Plaintiff's own words and conduct caused any harm that he has experienced.

7.      Plaintiff's tortious-interference claim is barred by the doctrines of justification and/or privilege.

8.      Plaintiff's tortious-interference claim is barred because Defendant merely gave truthful information and honest advice regarding Plaintiff.

9.      Plaintiff's defamation claim based on "social media" statements/postings has been dismissed pursuant to Court order.

10.     Plaintiff's defamation count is barred by his failure to satisfy the Texas Defamation Mitigation Act. *See* Tex. Civ. Prac. & Rem. Code §§ 73.051-.062. By way of example, Plaintiff failed to comply with the demand requirements of that Act. Plaintiff did not make a timely and sufficient request to correct, clarify, or retract as required by the Defamation Mitigation Act. Thus, Plaintiff's defamation count is entirely barred. Alternatively, Plaintiff's claim for exemplary damages is barred by the failure to make a request to correct, clarify, or retract within the time period set out in the Act.

11.  Plaintiff's claims are barred by the applicable statute of limitations.  Without limitation of the foregoing, Plaintiff's defamation claim based on statements at the Houston convention is barred by the statute of limitations applicable to defamation claims.

12.  Plaintiff's defamation count is entirely barred for failure to allege an actionable statement, as opposed to opinions or other non-actionable statements.

13.  Plaintiff qualifies as a public figure.  Plaintiff cannot show falsity or actual malice.

14.  Plaintiff's defamation count is entirely barred because any statements were true or substantially true.  Therefore, even assuming Defendant has the burden on the issue of falsity, Plaintiff's defamation count is barred by the defense of truth or substantial truth.

15.  Plaintiff's defamation count is barred because Plaintiff is "libel-proof," in light of his publicly reported reputation as reported and shaped by various sources unrelated to Defendant.

16.  Plaintiff's claims, including his defamation count, are barred by the doctrine of qualified privilege.

17.  Plaintiff's ability to recover for any alleged injuries or losses is limited in whole or in part by his failure to mitigate his alleged damages.

18.  Plaintiff's own acts or omissions caused or contributed to his alleged injury.

19.  Plaintiff's claims are barred, in whole or in part, by the provisions of Ch. 33 of the Tex. Civ. Prac. & Rem. Code.  Without limitation of the foregoing, Plaintiff is more than 50% at fault for any harm and therefore his claims are entirely barred.  Plaintiff's own conduct, including, without limitation, defamation of creators and others in the comic industry, caused any alleged harm.  Alternatively, any fault must be apportioned under Ch. 33 and any damages reduced accordingly.

20.  Defendant reserves the right to name additional affirmative and other defenses as

they are identified throughout the course of discovery.

WHEREFORE, Defendant Mark Waid requests that Plaintiff Richard Meyer take nothing, that the Court dismiss Plaintiff's claims with prejudice and enter final judgment in Defendant's favor, that Defendant be awarded his costs of suit including attorneys' fees, and that Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: February 14, 2020                    Respectfully submitted,

                                            REEVES & BRIGHTWELL LLP


                                            */s/ Ryan Pierce*
                                            Beverly Reeves, Esq.
                                            State Bar No. 16716500
                                            breeves@reevesbrightwell.com
                                            Ryan Pierce, Esq.
                                            State Bar No. 24035413
                                            rpierce@reevesbrightwell.com
                                            221 W. 6th Street, Suite 1000
                                            Austin, TX  78701
                                            (512) 334-4500
                                            (512) 334-4492 (facsimile)

                                            Mark S. Zaid, Esq.
                                            D.C. Bar #440532 (admitted *Pro Hac Vice*)
                                            Mark@MarkZaid.com
                                            Mark S. Zaid, P.C.
                                            1250 Connecticut Ave., N.W., Suite 700
                                            Washington, D.C. 20036
                                            (202) 454-2809
                                            (202) 330-5610 fax

                                            **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2020, the above and foregoing document was served using the Court's ECF system on the following counsel of record:

>Daniel H. Byrne
>Dale L. Roberts
>Fritz, Byrne, Head & Gilstrap, PLLC
>221 W. 6th St., Suite 960
>Austin, TX 78701
>dbyrne@fbhg.law
>droberts@fbhg.law

                                          */s/ Ryan Pierce*
                                          Ryan Pierce